■ In the Matter of Shun Zhong, Petitioner, v Donald Selsky, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [763 NYS2d 350] —Proceeding pursuant

to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Washington County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was found guilty of violating the prison disciplinary rules prohibiting refusal to obey a direct order and violation of urinalysis testing procedures after failing to provide a urine sample within three hours of being ordered to do so (*see* 7 NYCRR 1020.4 [d] [4]). Substantial evidence of petitioner's guilt was provided in the form of the misbehavior report, petitioner's testimony wherein he conceded his failure to produce a urine sample and the testimony given by a physician who examined petitioner prior to his disciplinary hearing and testified that there was no medical reason for petitioner's incapacity under the circumstances presented here (*see Matter of Collucci v Goord*, 305 AD2d 825 [2003]; *Matter of Cunningham v Goord*, 274 AD2d 814 [2000]). Petitioner's contention that his inability to provide a specimen was the involuntary result of physical factors, i.e., a 1998 hernia operation and a current urinary tract infection, was not supported by his medical records (*see Matter of Infante v Johnson*, 258 AD2d 799 [1999]). His alternative explanation, that a mental block prevented him from urinating in front of others, was similarly devoid of evidentiary support and, accordingly, presented an issue of credibility for resolution by the Hearing Officer (*see Matter of Cruz v Goord*, 302 AD2d 816 [2003]).

Petitioner contends that it was error for the Commissioner of Correctional Services to reject his "amended appeal" from the determination rendered by the Hearing Officer. Petitioner contends that his inability to speak and comprehend English incapacitated him from presenting both an adequate defense at his disciplinary hearing and an effective administrative appeal. Hence, he argues that his amended appeal should have been given consideration. It is undisputed that the Commissioner of Correctional Services has the authority to reconsider a prison disciplinary decision and to order a new hearing upon request (*see Matter of Dawes v Coughlin*, 83 NY2d 597, 601 [1994]). In the instant matter, however, the decision to deny petitioner's request for reconsideration cannot be said to constitute an abuse of this discretionary power. The hearing transcript discloses that petitioner was provided with a Chinese interpreter who capably translated the proceedings at the disciplinary hearing as well as petitioner's responses to the charges. Petitioner was also represented by an employee assistant in

the preparation of his administrative appeal. Under the circumstances presented here, petitioner has not demonstrated that his defense was so prejudiced that reconsideration of this matter or a new disciplinary hearing is required. The remaining issues raised herein have been examined and found to be similarly without merit.

Peters, J.P., Mugglin, Rose, Lahtinen and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.