■ In the Matter of SHAWN WILLIAMS, Petitioner, v DONALD SELSKY, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [762 NYS2d 304] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of. Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was found guilty of violating the prison disciplinary rules prohibiting possession of a weapon, possession of contraband, smuggling, making false statements, refusing to obey a direct order and failure to comply with frisk procedures. According to the misbehavior report, petitioner had just arrived at the correctional facility and was going through admission procedures when he set off three separate metal detecting devices, indicating the presence of metal inside his body. The next day, X rays were taken, disclosing a small piece of metal in the lower abdominal area of petitioner's body. Although the piece of metal was never recovered, the misbehavior report states that petitioner admitted to having had it, but stated that he threw it away while the X ray was being developed. In addition, a ball of rubber bands, approximately one inch in diameter, and pieces of electrical tape were found in his feces. A cell frisk disclosed additional rubber bands.

As the X rays cannot be located, the Attorney General concedes, and our review confirms, that there is insufficient evidence to support the determination finding petitioner guilty of the charges of possession of a weapon, making false statements, refusing to obey a direct order and failure to comply with frisk procedures. Hence, these four charges must be annulled and expunged from petitioner's institutional record. Remittal for a redetermination of the penalty is not necessary, however, as no loss of good time was imposed and it appears that petitioner has already served the penalty of 12 months' confinement in the special housing unit with a corresponding loss of privileges (*see Matter of Morales v Selsky,* 297 AD2d 894 [2002], *appeal dismissed and lv denied* 100 NY2d 531 [2003]).

As to that part of the determination finding petitioner guilty

of smuggling and possession of contraband, substantial evidence of petitioner's guilt was presented in the form of the misbehavior report, photographs of the rubber bands and electrical tape recovered from petitioner's feces, and testimony given by the correction officer who recovered and photographed the contraband items (*see Matter of Culbreath v Selsky,* 286 AD2d 817 [2001]; *Matter of Figueroa v Lacy,* 260 AD2d 765, 766 [1999]). The remaining issues raised herein, including petitioner's assertions that procedural violations deprived him of the right to due process, have been reviewed and found to be without merit.

Mercure, J.P., Peters, Spain, Lahtinen and Kane, JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of possession of a weapon, failure to comply with frisk procedures, refusing to obey a direct order and making false statements; petition granted to that extent and the Commissioner of Correctional Services is directed to expunge all references thereto from petitioner's institutional record; and, as so modified, confirmed.