■ In the Matter of LESLIE BECKER, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [787 NYS2d 441]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

On February 19, 2003, petitioner was randomly selected to provide a urine specimen for testing at the correctional facility where he was incarcerated. He made attempts to provide a specimen at 9:50 A.M., 10:20 A.M. and 11:35 A.M., but was not successful. As a result, he was charged in a misbehavior report with refusing a direct order and refusing to comply with urinalysis testing procedures. He was found guilty of these charges following a tier III disciplinary hearing. The determination of guilt was upheld on administrative appeal, but the penalty was modified. This CPLR article 78 proceeding ensued.

We confirm. The misbehavior report and accompanying documentation, together with petitioner's admission that he did not provide the requested urine specimen after making three attempts, provide substantial evidence supporting the determination of guilt (*see Matter of Zhong v Selsky*, 307 AD2d 498, 499 [2003]). Petitioner's defense that he was unable to provide the specimen because he suffered from shy bladder syndrome was not substantiated by his medical records or the testimony of the physician or social worker who examined him (*see id.*). His claim that the misbehavior report was written in retaliation for his filing of a grievance presented a question of credibility for the Hearing Officer to resolve (*see Matter of Branch v Goord*, 4 AD3d 699, 700 [2004]). Petitioner's remaining claims have not been preserved for our review.

Crew III, J.P., Peters, Carpinello, Mugglin and Rose, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.