■ In the Matter of CAMILO INFANTE, Petitioner, v DONALD SELSKY, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [799 NYS2d 331]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, an inmate, was ordered by a correction officer to produce a urine sample as part of a random drug screening. When petitioner failed to provide a specimen within the required three-hour period (*see* 7 NYCRR 1020.4 [d] [4]), he was charged in a misbehavior report with refusing a direct order and failing to comply with urinalysis testing procedures. Following a tier III disciplinary hearing, he was found guilty of the charges and the determination was affirmed on administrative appeal. This CPLR article 78 proceeding ensued.

We confirm. The misbehavior report, together with the testimony of petitioner's examining physician and the documentary evidence submitted at the hearing, provide substantial evidence to support the determination of guilt (*see Matter of Wigfall v Goord*, 16 AD3d 791, 791 [2005]; *Matter of Lopez v Goord*, 14 AD3d 771, 771 [2005]; *Matter of Becker v Goord*, 13 AD3d 947, 948 [2004]). Although petitioner asserts that he was unable to provide the urine sample because of a prior groin injury which was compounded by shy bladder syndrome, his examining physician testified that petitioner's condition would not have prevented his compliance within the allotted three-hour time period (*see Matter of Zhong v Selsky*, 307 AD2d 498, 499 [2003]). Petitioner's alleged inability to produce the urine sample raised a credibility issue for the Hearing Officer to resolve (*see Matter of Cunningham v Goord*, 274 AD2d 814, 814 [2000]) and, as the resulting determination was supported by substantial evidence, we decline to disturb it.

Mercure, J.P., Peters, Spain, Lahtinen and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.