■ In the Matter of CARL GEE, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [800 NYS2d 775]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

When petitioner bent over during a strip frisk, a blue balloon fell from his anus which he proceeded to put in his mouth and swallow. He was placed in temporary isolation on a drug watch for two days during which time he defecated twice, but no drugs were found. Petitioner was charged in a misbehavior report with smuggling, possessing contraband, violating frisk and search procedures and refusing a direct order. Following a tier III disciplinary hearing, he was found guilty of all charges except refusing a direct order. The determination was affirmed on administrative appeal, resulting in this CPLR article 78 proceeding.

We confirm. The misbehavior report, together with the testimony of its author, provide substantial evidence supporting the determination of guilt (*see Matter of Borcsok v Selsky*, 296 AD2d 678, 678 [2002], *lv denied* 98 NY2d 616 [2002]; *Matter of Rosati v Senkowski*, 221 AD2d 675, 676 [1995]). Although no drugs were recovered as a result of the drug watch, the blue balloon constituted contraband inasmuch as it was an article not authorized by the superintendent or his designee (*see* 7 NYCRR 270.2 [B] [14] [xiv]). Inasmuch as petitioner secreted this item on his person following a visit, he smuggled it from one part of the facility to another (*see* 7 NYCRR 270.2 [B] [15] [i]). His subsequent attempt to dispose of the item by swallowing it violated frisk and search procedures (*see* 7 NYCRR 270.2 [B] [16]), notwithstanding the absence of a direct order prohibiting him from doing so. Petitioner's denial of the incident and claim that the correction officer mistook blue dots on his underwear for the balloon presented a credibility issue for the Hearing Officer to resolve (*see Matter of Spulka v Goord*, 12 AD3d 1004, 1005 [2004]).

Mercure, J.P., Crew III, Carpinello, Mugglin and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.