■ In the Matter of KAMEL R. BILLUE, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, et al., Respondents. [812 NYS2d 175]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was charged in a misbehavior report with failing to comply with urinalysis testing procedures, committing an unhygienic act, failing to maintain cleanliness and refusing a direct order after it was discovered that he had urinated on himself rather than comply with an order to provide a urine sample for testing. He pleaded guilty to the charge of failing to maintain cleanliness and, following a tier III disciplinary hearing, was found guilty of the remaining charges. The determination was affirmed on administrative appeal and this CPLR article 78 proceeding ensued.

Initially, we note that petitioner's plea of guilty to failing to maintain cleanliness precludes him from challenging the sufficiency of the evidence supporting that charge (*see Matter of Cody v Goord,* 17 AD3d 943, 944 [2005]). Moreover, the misbehavior report and testimony of the correction officer who prepared it constitute substantial evidence supporting the finding of guilt on the remaining charges (*see id.* at 944; *see also*

*Matter of Gee v Goord,* 21 AD3d 636, 637 [2005]). We reject petitioner's argument that he cannot be found guilty because he never refused to submit a urine sample. When petitioner was given a direct order to submit a sample, he was required to do so, if able (*see* 7 NYCRR 1020.4 [d] [4]). Instead of submitting a sample, however, petitioner chose to urinate on himself, thereby violating urinalysis testing procedures. Petitioner's exculpatory testimony presented a credibility issue that the hearing officer properly resolved (*see Matter of Gee v Goord, supra* at 637) and his remaining claims are either unpreserved or otherwise lacking in merit.

Mercure, J.P., Peters, Carpinello, Mugglin and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.