■ In the Matter of CARLOS MORENO, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [817 NYS2d 173]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

Petitioner was given three hours within which to comply with a correction officer's directive to produce a urine specimen. He was informed of the consequences of his failure to do so within the allotted time and was permitted to consume one eight-ounce glass of water each hour. When petitioner was unable to produce a urine specimen at the end of the three-hour period, he was charged in a misbehavior report with refusing a direct order and failing to comply with urinalysis testing procedures. He was found guilty of the latter charge at the conclusion of a tier III disciplinary hearing and the determination was upheld on administrative appeal. This CPLR article 78 proceeding ensued.

We confirm. The misbehavior report, together with the considerable testimony adduced at the hearing, provide substantial evidence supporting the determination of guilt (*see Matter of Lopez v Goord*, 14 AD3d 771 [2005]; *Matter of Jackson v Goord*, 305 AD2d 839, 839 [2003], *lv denied* 100 NY2d 510 [2003]). Although petitioner maintained that his medical problems and certain medication he was taking prevented him from providing a sample adequate for testing, a physician familiar with his medical history and medication testified that these matters would not have caused him to be unable to provide a proper specimen within the time allotted (*see e.g. Matter of Infante v Selsky*, 21 AD3d 633, 634 [2005]; *Matter of Shun Zhong v Selsky*, 307 AD2d 498, 499 [2003]). Furthermore, we find no merit to petitioner's claims that he was improperly denied requested urinalysis log book entries or that he was denied the right to call a urologist, whom he did not specifically request as a witness, to testify at the hearing.

Cardona, P.J., Crew III, Carpinello, Mugglin and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.