■ In the Matter of KENNETH SPULKA, Petitioner, v DONALD SELSKY, as Director of Special Housing and Inmate Disciplinary Programs, et al., Respondents. [827 NYS2d 374]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

Petitioner was charged in a misbehavior report with violating a prison disciplinary rule prohibiting refusal to obey a direct order based upon his failure to provide a urine sample within three hours of being ordered to do so. Following a tier III

disciplinary hearing, petitioner was found guilty. The determination was affirmed on administrative review. Petitioner thereafter commenced this CPLR article 78 proceeding challenging the determination.

We confirm. The misbehavior report, coupled with the testimony of the correction officer who prepared it, provide substantial evidence to support the determination (*see Matter of Moreno v Goord*, 30 AD3d 708, 709 [2006]; *Matter of Toney v Goord*, 26 AD3d 613, 614 [2006]). The contrary testimony presented by petitioner created a credibility issue for the Hearing Officer to resolve (*see Matter of Levy v Goord*, 22 AD3d 929 [2005]). Further, we find no merit to petitioner's argument that the request for urinalysis test form is incomplete in that it does not list the date and time that petitioner was returned to his cell upon his failure to submit a urine sample. The testimony of the correction officer indicated that the date and time of submission are entered only when a sample is provided. Notations on the form reveal that no sample was provided and that petitioner was given at least three hours to do so. Consequently, any omission on the form was sufficiently explained during the hearing (*see Matter of Dalton v Selsky*, 6 AD3d 844, 845 [2004]; *Matter of Uttinger v Goord*, 284 AD2d 826 [2001]; *Matter of Garcia v Goord*, 272 AD2d 694 [2000]).

Mercure, J.P., Peters, Mugglin, Rose and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.