In the Matter of VINCENT WARREN, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [853 NYS2d 735]—

Peters, J.

At the conclusion of a tier III disciplinary hearing, petitioner was found guilty of possessing a weapon and smuggling. Following an unsuccessful administrative appeal, petitioner commenced this CPLR article 78 proceeding challenging the determination.

The record establishes that petitioner allegedly caused a metal detector to sound prior to a visit. After a strip frisk revealed nothing, authorization was obtained for an X ray, which showed that petitioner had a foreign object in his abdomen. According to the escorting correction officer, petitioner admitted that the object was a razor. As a result, a misbehavior report was issued, charging petitioner with smuggling and possession of a weapon.

At the disciplinary hearing, the Hearing Officer agreed to disregard the X ray evidence, as well as any testimony by the doctors who interpreted the X rays, because one doctor was unavailable to testify as he was no longer employed by the

Department of Correctional Services. Thus, the Hearing Officer based the determination of guilt on only the misbehavior report and the testimony of the correction officer who authored it.

However, the record also reveals that, after the initial X ray, petitioner was isolated in a one-on-one contraband watch cell. Eventually a piece of plastic was discovered in his feces* and a subsequent X ray confirmed that no other foreign objects remained in petitioner's body. As no razor was ever recovered and there was no proof that the piece of plastic recovered was an "item that may be classified as a weapon or dangerous instrument by description, use or appearance" (7 NYCRR 270.2 [B] [14] [i]), we conclude that the determination finding him guilty of possessing a weapon is not supported by substantial evidence (*see Matter of Ganz v Selsky*, 34 AD3d 879, 880 [2006]; *Matter of Williams v Selsky*, 307 AD2d 571, 571 [2003]). Nor is there substantial evidence to support the smuggling charge.

Accordingly, the determination must be annulled with all references thereto expunged from petitioner's institutional record.

Mercure, J.P., Rose, Kane and Malone Jr., JJ., concur. Adjudged that the determination is annulled, without costs, petition granted and respondent is directed to expunge all references to this matter from petitioner's institutional record.

---

* Petitioner was charged in a second misbehavior report with an unhygienic act and contraband possession after petitioner allegedly placed his feces containing the plastic wrap on his feed-up tray. Although petitioner asserts that these charges were subsequently dismissed, that contention is not verifiable on this record.