■ In the Matter of LUIGI CAPOCETTA, Petitioner, v BRIAN FISCHER, as Commissioner of Correctional Services, Respondent. [901 NYS2d 728]—

Stein, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review three determinations of respondent which found petitioner guilty of violating a prison disciplinary rule.

Petitioner was charged in three misbehavior reports, dated February 6, 2009, February 27, 2009 and March 23, 2009, with noncompliance with urinalysis testing procedures when he failed to provide a urine sample on three occasions. Following three separate tier III disciplinary hearings, petitioner was found guilty as charged. These determinations were affirmed on administrative review, with the penalties modified upon reconsideration, and this CPLR article 78 proceeding ensued.

We confirm. Contrary to petitioner's contention, the determinations of guilt based upon the February 6, 2009 and March 23,

2009 incidents are supported by substantial evidence in the form of the misbehavior reports and the hearing testimony (*see Matter of Taveras v Fischer*, 59 AD3d 827, 828 [2009], *lv denied* 13 NY3d 702 [2009]; *Matter of Fuentes v Fischer*, 56 AD3d 919, 920 [2008]). Petitioner asserted at the hearings that, because he suffers from shy bladder syndrome, he was unable to provide a urine sample—despite being provided water and three hours to comply (*see* 7 NYCRR 1020.4 [d] [4]). To the contrary, a physician's assistant who had examined petitioner testified at the hearing concerning the February 6, 2009 misbehavior report that, based on his examination, petitioner was capable of providing a urine specimen despite his alleged condition (*see Matter of Infante v Selsky*, 21 AD3d 633, 634 [2005]; *Matter of Becker v Goord*, 13 AD3d 947, 948 [2004]). Further, the facility nurse testified at the hearing concerning the March 23, 2009 misbehavior report that, although petitioner's medical records indicate that he has complained of urinary problems, there is nothing in the records that supports his contention that the condition from which he suffers physically prevents him from complying with the urinalysis testing procedures. Petitioner's claim that a medical condition prevented him from providing a urine sample created a credibility issue for the Hearing Officer to resolve. In light of the contradictory medical testimony at the hearings, we decline to disturb the administrative determinations (*see Matter of Credle v Selsky*, 46 AD3d 989, 990 [2007]; *Matter of Shun Zhong v Selsky*, 307 AD2d 498, 499 [2003]). Finally, we perceive no error in the Hearing Officer's denial of documentary evidence at the hearing concerning the February 27, 2009 misbehavior report. Inasmuch as there was substantial evidence to support the Hearing Officer's finding that petitioner refused to even attempt to provide a urine sample, the requested medical records were irrelevant to the charge at issue (*see Matter of McIver v Goord*, 37 AD3d 943, 945 [2007]; *Matter of Rodriguez v McGinnis*, 24 AD3d 845, 846 [2005]).

Mercure, J.P., Peters, Rose and McCarthy, JJ., concur. Adjudged that the determinations are confirmed, without costs, and petition dismissed.