In the Matter of MARK SCOTT, Petitioner, v BRIAN FISCHER, as Commissioner of Correctional Services, et al., Respondents. [906 NYS2d 170]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

While a correction officer was conducting a pat frisk of petitioner, petitioner appeared to swallow a foreign object that had been secreted in his mouth. Petitioner was escorted to the hospital where an X ray revealed that he had, in his stomach, a razor blade wrapped in some type of material. Petitioner was placed on a contraband watch for the next few days but no razor blade or similar object was found. Petitioner was charged in a misbehavior report with possessing a weapon, possessing contraband, violating search and frisk procedures and possessing gang material. He was found not guilty of possessing gang material but guilty of the other charges and the determination was later affirmed on administrative appeal. This CPLR article 78 proceeding ensued.

We confirm. The X ray taken at the hospital, the misbehavior report, the testimony of the correction officer who authored it, the testimony of the lieutenant who ordered the pat frisk, the testimony of the sergeant who was present at the pat frisk and the testimony of the nurse who reviewed the X ray provide substantial evidence supporting the determination. Because an

963

X ray taken two days after the X ray taken at the hospital did not show the object and no contraband was recovered as a result of the contraband watch, petitioner contends that the determination is not supported by substantial evidence (*see Matter of Warren v Goord*, 49 AD3d 1099, 1100 [2008]). In *Warren*, unlike here, the Hearing Officer disregarded the X-ray evidence and the testimony of the doctor who interpreted it. And, although the subsequent X ray and results of the contraband watch may have supported a different determination, we find the determination of guilt to be properly supported by substantial evidence (*see Matter of Gee v Goord*, 21 AD3d 636, 637 [2005]).

Petitioner's remaining contentions have been considered and found to be unavailing.

Mercure, J.P., Lahtinen, Malone Jr., McCarthy and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.