■ In the Matter of EUGENE DUFFY, Petitioner, v BRIAN FISCHER, as Commissioner of Correctional Services, Respondent. [910 NYS2d 698]—

Proceeding pursuant to CPLR article 78 (transferred to this Court, by order of the Supreme Court entered in Albany County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

Petitioner was ordered to take a urinalysis test, but failed to provide a urine specimen after drinking three glasses of water over a three-hour period. As a result, he was charged in a misbehavior report with violating urinalysis testing procedures. Following a tier III disciplinary hearing, he was found guilty of the charge. The determination was later upheld on administrative appeal, resulting in this CPLR article 78 proceeding.

We confirm. Contrary to petitioner's claim, the urinalysis test was authorized by correctional officials' receipt of information from an anonymous source that petitioner was using drugs, and there is no requirement that the reliability of the source be established (*see* 7 NYCRR 1020.4 [a] [4]; *see also Matter of Grochulski v Kuhlmann*, 176 AD2d 1111, 1113 [1991], *lv denied* 79 NY2d 755 [1992]). In any event, the confidential information obtained from this source did not provide a basis for the determination of guilt (*see Matter of Muller v Fischer*, 62 AD3d 1191, 1191-1192 [2009]; *Matter of Kearney v Fischer*, 51 AD3d 1185, 1186 [2008]). Rather, the misbehavior report, together with the testimony adduced at the hearing, provided substantial evidence supporting the determination of guilt (*see Matter of Capocetta v Fischer*, 72 AD3d 1377, 1377-1378 [2010], *lv denied* 15 NY3d 706 [2010]; *Matter of Moreno v Goord*, 30 AD3d 708, 709 [2006]). Therefore, we find no reason to disturb it.

Mercure, J.P., Spain, Lahtinen, Kavanagh and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.