In the Matter of HAROLD STAUFFER JR., Petitioner, v ALBERT PRACK, as Acting Director of Special Housing and Inmate Disciplinary Programs, Respondent. [918 NYS2d 901]—

When petitioner, a prison inmate, was ordered to provide a urine sample and claimed to be unable to do so after a three-hour period, he was served with a misbehavior report. Following a tier III disciplinary hearing, he was found guilty of a urinalysis testing violation and that determination was affirmed on administrative appeal. Thereafter, petitioner commenced this CPLR article 78 proceeding.

We confirm. The misbehavior report, along with the testimony of petitioner, the correction officer who directed petitioner to provide the sample and facility medical personnel, provide substantial evidence to support the determination (*see Matter of Duffy v Fischer*, 78 AD3d 1384, 1385 [2010]; *Matter of Capocetta v Fischer*, 72 AD3d 1377, 1377-1378 [2010], *lv denied* 15 NY3d 706 [2010]). Petitioner's claim that he was unable to urinate due to a drug that he was taking presented a credibility question for the Hearing Officer to resolve (*see Matter of Sterling v Fischer*, 75 AD3d 709 [2010]; *Matter of Capocetta v Fischer*, 72 AD3d at 1378). Further, petitioner's due process rights were not violated by the failure to admit the drug manufacturer's specification sheet; a patient drug education report was provided that listed possible side effects and facility medical personnel testified that they were unaware of the drug's ability to cause urine retention (*see Matter of Young v Selsky*, 32 AD3d 598 [2006]). Finally, petitioner was not improperly denied access to his medical records where the facility nurse reviewed his records—which included information from both his current and previous incarcerations—and stated that it contained no history of urinary problems (*see e.g. Matter of Moore v Fischer*, 63 AD3d 1401, 1401 [2009]; *Matter of Jimenez v Fischer*, 56 AD3d 924, 925 [2008]).

Petitioner's remaining contentions have been examined and found to be without merit.

Mercure, J.P., Rose, Kavanagh, Garry and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.