■ In the Matter of DIONEL HALL, Petitioner, v BRIAN FISCHER, as Commissioner of Correctional Services, Respondent. [930 NYS2d 299]—

While a correction officer was conducting a strip frisk of petitioner, petitioner told him that he had marihuana secreted in his rectum. Petitioner then produced three small bundles wrapped in toilet paper which were subsequently tested and identified as marihuana. During that same search, petitioner also informed the correction officer that, prior to the commencement of the frisk, he had swallowed a sharp piece of metal. Petitioner was escorted to the infirmary, where an X ray revealed what appeared to be "a piece of a razor blade" in his stomach. Although petitioner was then placed on contraband watch, the foreign object appearing on the X ray was not recovered. Petitioner was charged in a misbehavior report with possessing a weapon, possessing an altered item and smuggling. A second misbehavior report charged him with possession of a controlled substance. At the ensuing tier III hearing, petitioner initially pleaded guilty to the drug possession charge in the second misbehavior report. He called no witnesses at the hearing and was ultimately found guilty of the three charges in the first misbehavior report. His administrative appeal was unsuccessful and this CPLR article 78 proceeding followed.

We are unpersuaded by petitioner's challenge to the determination of guilt as to charges in the first misbehavior report.* The misbehavior report, combined with the X ray taken at the infirmary, provide substantial evidence supporting the determination. Although petitioner maintains that the determination should be annulled because no contraband was recovered as a result of the contraband watch (*see e.g. Matter of Warren v Goord*, 49 AD3d 1099, 1100 [2008]), we do not agree. Here, not only did the Hearing Officer take into account the X-ray evidence, but he also found credible the misbehavior report wherein the correction officer stated that petitioner told him he swallowed a sharp metallic item. Under these circumstances, we find no basis to disturb the determination of guilt (*see Matter of Scott v Fischer*, 75 AD3d 962, 963 [2010]).

Finally, petitioner's claim that the Hearing Officer was biased against him is unpreserved for our review as a result of petitioner's failure to raise that issue in his administrative appeal (*see Matter of Boyd v Fischer*, 74 AD3d 1679, 1679 [2010]).

Mercure, J.P., Rose, Lahtinen, Stein and McCarthy, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

---

* Petitioner does not contest the finding of guilt as to the second misbehavior report herein and, given his guilty plea, would be precluded from such a challenge in any event (*see Matter of Wilson v Kadien*, 69 AD3d 1104, 1104 [2010]).