■ In the Matter of ROBERT TAYLOR, Petitioner, v BRIAN FISCHER, as Commissioner of Correctional Services, Respondent. [929 NYS2d 891]—

Petitioner was requested to provide a urine specimen for urinalysis testing, but claimed to be unable to do so even though he was offered a cup of water each hour for three consecutive hours, which he declined. As a result, he was charged in a misbehavior report with refusing a direct order and failing to comply with urinalysis testing procedures. He was found guilty of the charges at the conclusion of a tier III disciplinary hearing and the determination was affirmed on administrative appeal. This CPLR article 78 proceeding ensued.

We confirm. The detailed misbehavior report, together with the testimony adduced at the hearing, provide substantial evidence supporting the determination of guilt (*see Matter of Duffy v Fischer*, 78 AD3d 1384, 1385 [2010]; *Matter of Moreno v Goord*, 30 AD3d 708, 709 [2006]). While petitioner stated that he was unable to urinate due to a medical condition for which he had yet been evaluated, petitioner, in fact, admitted that he had provided urine specimens in the recent past, thereby presenting a credibility issue for the Hearing Officer to resolve (*see Matter of Sterling v Fischer*, 75 AD3d 709 [2010]; *Matter of Credle v Selsky*, 46 AD3d 989, 990 [2007]). We have considered petitioner's remaining contentions and find them to be unpersuasive. Therefore, we find no reason to disturb the determination of guilt.

Peters, J.P., Spain, Kavanagh, Stein and McCarthy, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.