■ In the Matter of Brian Dushane, Petitioner, v Brian Fischer, as Commissioner of Corrections and Community Supervision, Respondent. [957 NYS2d 921]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was directed to provide a urine sample for testing, but claimed he could not do so at that time. Soon after, he was observed retrieving the finger of a latex glove filled with liquid by rolling it from the gallery floor into his cell. When he was asked what he had retrieved, he said "nothing" and flushed the liquid-filled finger down the toilet. As a result, the effort to obtain a urine sample from petitioner was terminated and he was charged in a misbehavior report with violating various prison disciplinary rules. Petitioner faced further charges after a needle and a plastic glove with fingers missing from it were subsequently found in his cell. Following a tier III disciplinary hearing on both reports, petitioner was found guilty of refusing a direct order, violating urinalysis testing procedures, and possessing contraband. Petitioner pursued an unsuccessful administrative appeal, then commenced this CPLR article 78 proceeding.

The misbehavior reports, as well as the testimony of petitioner himself and a correction officer who authored one of the reports, provide substantial evidence to support the determination of guilt (*see Matter of Quinones v Fischer*, 78 AD3d 1407, 1408 [2010]; *Matter of Cole v Selsky*, 269 AD2d 717, 717 [2000]). The Hearing Officer, moreover, could reasonably infer from the evidence presented that petitioner planned to submit the liquid in the glove finger as his urine sample in an attempt to circumvent

the urinalysis testing procedures (*see Matter of Kae v Bezio,* 79 AD3d 1496, 1497 [2010]; *Matter of Billue v Goord,* 28 AD3d 845, 845-846 [2006]). Petitioner's remaining claim is not preserved for our review and, in any event, is without merit.

Rose, J.P., Lahtinen, Stein, McCarthy and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.