Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review two determinations of respondent finding petitioner guilty of violating certain prison disciplinary rules.
After correction officials obtained a letter authored by petitioner indicating that he possessed a weapon, petitioner was ordered to undergo a strip frisk. During the strip frisk, petitioner was uncooperative and failed to obey a correction officer’s directives to position his body in a certain manner. As a result, he was placed on a contraband watch and was charged in a misbehavior report with refusing a direct order and failing to comply with frisk procedures. While on the contraband watch, petitioner was walking back to his mattress after using the commode when a sharpened piece of plexiglass fell from his left hand onto the floor. Consequently, he was charged in a second misbehavior report with possessing a weapon. Following two separate tier III disciplinary hearings, petitioner was found guilty of the charges contained in both reports and the determinations were upheld on administrative appeal. This CPLR article 78 proceeding ensued.
We confirm. With respect to the disciplinary determination finding petitioner guilty of refusing a direct order and failing to comply with frisk procedures, the misbehavior report, related documentation and hearing testimony provide substantial evidence supporting the determination of guilt (see Matter of Quezada v Fischer, 113 AD3d 1004, 1004 [2014]; Matter of Moreno v Fischer, 100 AD3d 1167, 1167 [2012]). Although petitioner denied writing the letter and maintained that he complied with strip frisk procedures, his testimony presented a credibility issue for the Hearing Officer to resolve (see Matter of Gee v Goord, 21 AD3d 636, 637 [2005]). Petitioner’s remaining contentions with respect to this disciplinary determination have not been preserved for our review.
*1375 Likewise, the disciplinary determination finding petitioner guilty of possessing a weapon is also supported hy substantial evidence consisting of the misbehavior report, related documentation and the testimony adduced at the second hearing (see Matter of Quezada v Fischer, 113 AD3d at 1004; Matter of Moreno v Fischer, 100 AD3d at 1167). Petitioner’s protestation that he did not possess the weapon, but that it was planted, again presented a credibility issue for the Hearing Officer to resolve (see Canalas Sanchez v Annucci, 126 AD3d 1194, 1194-1195 [2015]; Matter of Perez v Fischer, 69 AD3d 1279, 1279 [2010]). The discrepancy in the documentary evidence regarding the date that the incident occurred was adequately explained as a clerical error by the sergeant who completed both documents (see Matter of Davis v Fischer, 98 AD3d 1154 [2012]; Matter of Geraci v Fischer, 63 AD3d 1467, 1468 [2009]). In view of the foregoing, the petition must be dismissed.
Peters, P.J., McCarthy, Lynch and Devine, JJ., concur. Adjudged that the determinations are confirmed, without costs, and petition dismissed.