*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  November 17, 2016                522051
_____

In the Matter of YUSUF SPARKS,
                    Petitioner,

        v                                        MEMORANDUM AND JUDGMENT

ANTHONY J. ANNUCCI, as Acting
    Commissioner of Corrections
    and Community Supervision,
    et al.,
                    Respondents.
_____

Calendar Date:  October 20, 2016

Before:  McCarthy, J.P., Lynch, Devine, Mulvey and Aarons, JJ.

_____


        Whiteman Osterman & Hanna LLP, Albany (Jon E. Crain of counsel), for petitioner.

        Eric T. Schneiderman, Attorney General, Albany (Zainab A. Chaudhry of counsel), for respondents.

_____


McCarthy, J.P.

        Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.

        After prison officials learned that petitioner had swallowed an object during a pat frisk, he was escorted to the hospital where an X ray revealed that he had a scalpel or razor in his digestive tract.  Petitioner was placed on a contraband watch for the next few days, but no scalpel or similar object was

recovered.  As a result, petitioner was charged in a misbehavior report with smuggling, possession of a contraband weapon and possession of an unauthorized item.  Following a tier III disciplinary hearing, petitioner was found guilty of the charges. The determination was affirmed on administrative appeal, and this CPLR article 78 followed.

We confirm.  The misbehavior report, hearing testimony and the related documentary evidence, including the X rays, provide substantial evidence to support the determination of guilt (see Matter of Hall v Fischer, 87 AD3d 1235, 1236 [2011]; Matter of Scott v Fischer, 75 AD3d 962, 962 [2010]; Matter of Gee v Goord, 21 AD3d 636, 637 [2005]).  Although petitioner contends that the determination should be annulled because no contraband was recovered as a result of the contraband watch, we disagree.  The Hearing Officer found credible the X-ray evidence, which we have examined, the testimony of the technician who interpreted it and the misbehavior report wherein the author testified that petitioner had told him that he disposed of the contraband through defecation (see Matter of Hall v Fischer, 87 AD3d at 1236; Matter of Scott v Fischer, 75 AD3d at 963).

Turning to petitioner's procedural contentions, contrary to petitioner's claim, we do not find that he was denied adequate employee assistance.  The record reveals that the employee assistant performed the services required.  Further, inasmuch as the employee assistant "may," but is not required to, "assist the inmate in obtaining documentary evidence" (7 NYCRR 251-4.2), petitioner's claim that he was denied effective employee assistance because his assistant failed to obtain copies of Department of Corrections and Community Supervision directives is without support (cf. Matter of Guillory v Annucci, 125 AD3d 1024, 1025 [2015], lv denied 25 NY3d 905 [2015]).  Moreover, to the extent that petitioner claims that he was not provided with the requested directives governing the procedures for the handling and search of contraband (see generally 7 NYCRR 1010.4), those directives, and any alleged failure by prison officials to adhere to the procedures established therein, are irrelevant.  Notably, no contraband was recovered from petitioner's fecal matter, and such evidence was not the evidentiary basis supporting the Hearing Officer's determination of guilt (see Matter of Jones v

<u>Fischer</u>, 139 AD3d 1219, 1220 [2016]; <u>Matter of Mitchell v Bezio</u>, 69 AD3d 1281, 1282 [2010]). While petitioner also avers that he was improperly denied the right to call certain witnesses at the hearing, the record demonstrates that petitioner specifically and intelligently told the Hearing Officer during the hearing that he waived his right to call any further witnesses (see <u>Matter of Brown v Barkley</u>, 67 AD3d 1147, 1148 [2009], <u>lv denied</u> 14 NY3d 702 [2010]; <u>Matter of Wilkerson v Coombe</u>, 242 AD2d 834, 835 [1997]). In any event, petitioner failed to demonstrate that any of the requested witnesses would have provided testimony relevant to the charges or material to any evidence in dispute (see <u>Matter of Miller v Annucci</u>, 131 AD3d 1304, 1305 [2015]). Petitioner's remaining contentions, including his claim that the penalty imposed was excessive, have been examined and found to be without merit.

Lynch, Devine, Mulvey and Aarons, JJ., concur.


ADJUDGED that the determination is confirmed, without costs, and petition dismissed.




ENTER:

Robert D. Mayberger
Clerk of the Court