■ In the Matter of DAVID RAMOS, Petitioner, v DONALD VENETTOZZI, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [59 NYS3d 862]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.

In order to participate in the family reunion program, petitioner was ordered to provide a urine sample for testing but failed to do so despite being given eight ounces of water each hour for a three-hour period. As a result, he was charged in a misbehavior report with refusing a direct order, failing to comply with urinalysis testing procedures and failing to comply with the family reunion program guidelines. Following a tier

III disciplinary hearing, he was found guilty of the charges. That determination was later affirmed on administrative appeal, and this CPLR article 78 proceeding ensued.

We confirm. Initially, while there are recurring gaps in the transcript, as well as some minor typographical errors, we do not find that they are so substantial as to preclude meaningful judicial review (*see Matter of Afrika v Blackman*, 149 AD3d 1369, 1370 [2017]). The misbehavior report, the testimony of the facility's nurse administrator and the correction officer who directed petitioner to provide the sample and the request for urinalysis form provide substantial evidence to support the determination of guilt (*see Matter of Duffy v Fischer*, 78 AD3d 1384, 1385 [2010]; *Matter of Infante v Selsky*, 21 AD3d 633, 634 [2005]). Petitioner's claims that he was not given a full three hours to provide a specimen and, in the absence of any substantiating evidence, that a medical condition makes it difficult for him to urinate presented credibility issues for the Hearing Officer to resolve (*see Matter of Stauffer v Prack*, 82 AD3d 1442, 1443 [2011]; *Matter of Sterling v Fischer*, 75 AD3d 709, 709 [2010]). Moreover, the facility nurse administrator testified at the hearing that there was nothing in petitioner's medical records to support his contention that he currently suffers from a medical condition that prevents him from complying with urinalysis testing procedures (*see Matter of Capocetta v Fischer*, 72 AD3d 1377, 1378 [2010], *lv denied* 15 NY3d 706 [2010]).

Contrary to petitioner's contention, we further conclude that he was not improperly denied the right to call any witnesses at the hearing, as the record reflects that petitioner failed to request the family reunion program coordinator as a witness. Nor was petitioner improperly denied the wire gate officer as a requested witness, given that petitioner failed to articulate or demonstrate how this witness could have provided testimony relevant to the charges or to his defense (*see Matter of Sparks v Annucci*, 144 AD3d 1352, 1353 [2016]; *see generally Matter of Reyes v Keyser*, 150 AD3d 1502, 1503 [2017]). We have reviewed petitioner's remaining contentions, including his claims that he was improperly denied evidence and that the Hearing Officer was biased, and, to the extent that they are properly before us, find them to be without merit.

McCarthy, J.P., Egan Jr., Devine, Mulvey and Pritzker, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.