■ In the Matter of ERIC BAEZ, Petitioner, v DONALD VENETTOZZI, as Acting Director of Special Housing and Inmate Disciplinary Programs, Respondent. [64 NYS3d 735]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.

Petitioner, an inmate, was ordered by a correction officer to produce a urine sample. When petitioner failed to provide a specimen within the required three-hour period (see 7 NYCRR 1020.4 [d] [4]), he was charged in a misbehavior report with refusing a direct order and failing to comply with urinalysis testing procedures. After a search of petitioner's cell revealed a

---

latex glove filled with a substance identified as urine, petitioner was charged in a second misbehavior report with possessing contraband and smuggling. Following a tier III disciplinary hearing on the charges contained in the reports, petitioner was found guilty of refusing a direct order and failing to comply with urinalysis testing procedures and not guilty of the charges contained in the second report.* That determination was affirmed on administrative appeal. This CPLR article 78 proceeding ensued.

We confirm. The misbehavior report, the hearing testimony and documentary evidence submitted at the hearing provide substantial evidence to support the determination of guilt (*see Matter of Ramos v Venettozzi*, 153 AD3d 1075, 1076 [2017]; *Matter of Infante v Selsky*, 21 AD3d 633, 634 [2005]). Petitioner's claim that he was not given a full three hours to provide a specimen is belied by the record documentation and hearing testimony and, in any event, presented credibility issue for the Hearing Officer to resolve (*see Matter of Stauffer v Prack*, 82 AD3d 1442, 1443 [2011]; *Matter of Sterling v Fischer*, 75 AD3d 709, 709 [2010]). Contrary to petitioner's contention, we further conclude that he was not improperly denied the right to call his wife as a witness, as he failed to articulate how this witness, who had no direct knowledge of the incident described in the misbehavior report, could have provided testimony relevant to the charges or to his defense of those charges (*see Matter of Ramos v Venettozzi*, 153 AD3d at 1076; *Canalas Sanchez v Annucci*, 126 AD3d 1194, 1195 [2015]). Petitioner's remaining contentions, to the extent that they are properly before us, have been reviewed and found to be without merit.

Garry, J.P., Lynch, Clark, Aarons and Pritzker, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

---

* Our review of the record reflects that, at the conclusion of the disciplinary hearing, the Hearing Officer found petitioner guilty of the charges contained in the second misbehavior report—possessing contraband and smuggling. The hearing disposition form, however, reflects that petitioner was found not guilty of those charges, and that determination was left intact on administrative appeal. Respondent also acknowledges in his brief that petitioner was found not guilty of possessing contraband and smuggling. Inasmuch as neither the petition, nor the parties' briefs before us, address the Hearing Officer's findings relative to the second misbehavior report, our decision is limited to petitioner's challenge to the Hearing Officer's adjudication of guilt with respect to the charges contained in the first misbehavior report.