In the Matter of KEITH MCDAY, Petitioner, v ANTHONY J. ANNUCCI, as Acting Commissioner of Corrections and Community Supervision, Respondent. [65 NYS3d 463]—

Proceeding pursuant to CPLR article 78 (transferred to this

---

Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.

Petitioner was charged in a misbehavior report with refusing a direct order, violating urinalysis testing procedures and interfering with an employee's duties. According to the misbehavior report, petitioner tried to spit water into the specimen cup when ordered to provide a urine sample for testing and admitted to the correction officer that his urine was "dirty." Thereafter, petitioner was counseled as to the proper urinalysis procedure and he provided a urine sample, but immediately dumped it into the toilet stating that it was not enough. Petitioner then became loud and argumentative when told to leave the bathroom, which disrupted the other inmates waiting to give a urine sample, at which point he was escorted back to his cell. Following a tier III disciplinary hearing, petitioner was found guilty of all charges and that determination was affirmed upon administrative appeal. This CPLR article 78 proceeding ensued.

Contrary to petitioner's contention, the matter was properly transferred to this Court as the petition raises an issue of substantial evidence (*see* CPLR 7804 [g]; *Matter of Lacey v Annucci*, 138 AD3d 1329, 1330 [2016]). Further, we are unpersuaded by petitioner's assertion that the hearing transcript is incomplete or that gaps therein are so significant as to preclude meaningful judicial review (*see Matter of Ramos v Venettozzi*, 153 AD3d 1075, 1076 [2017]; *Matter of Jamison v Fischer*, 119 AD3d 1306, 1306-1307 [2014]). To that end, the misbehavior report and testimony at the hearing, including from the correction officer involved in the incident, provide substantial evidence to support the determination of guilt (*see Matter of Dushane v Fischer*, 102 AD3d 1043, 1043-1044 [2013]; *Matter of White v Fischer*, 95 AD3d 1582, 1583 [2012]). To the extent that petitioner refuted the correction officer's version of the incident, this created a credibility issue for the Hearing Officer to resolve (*see Matter of Lamage v Selsky*, 47 AD3d 1144, 1145 [2008]; *Matter of Spulka v Selsky*, 36 AD3d 1183, 1184 [2007]). Petitioner's remaining contentions, including his right to present evidence and challenges to his employee assistance, are unpreserved for our review as they were not raised at the hearing when they could have been addressed (*see Matter of Abrams v Fischer*, 109 AD3d 1030, 1031 [2013]).

Garry, J.P., Egan Jr., Rose, Mulvey and Pritzker, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.