Matter of Flynn v Annucci (2018 NY Slip Op 01528)





Matter of Flynn v Annucci


2018 NY Slip Op 01528


Decided on March 8, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 8, 2018

525278

[*1]In the Matter of BRUCE FLYNN, Petitioner,
v
ANTHONY J. ANNUCCI, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date: January 23, 2018

Before: Egan Jr., J.P., Lynch, Clark, Mulvey and Aarons, JJ.


Bruce Flynn, Elmira, petitioner pro se.
Eric T. Schneiderman, Attorney General, Albany (Victor Paladino of counsel), for respondent.



MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating a prison disciplinary rule.
Petitioner was charged in a misbehavior report with refusing a direct order and violating urinalysis procedures, stemming from his failure to submit an adequate urine sample. Following a hearing, petitioner was found not guilty of refusing a direct order but guilty of the remaining charge. This determination was affirmed on administrative review, and this CPLR article 78 proceeding ensued.
We confirm. The misbehavior report, documentary evidence and the hearing testimony provide substantial evidence to support
the determination of guilt (see Matter of Baez v Venettozzi, 155 AD3d 1231, 1232 [2017]; Matter of Ramos v Venettozzi, 153 AD3d 1075, 1076 [2017]). The correction officer who was assigned to collect and test the sample testified that enough urine is needed to conduct two tests and that there is a fill line on the cup denoting the amount necessary. According to the officer, petitioner only produced a drop of urine and the sample provided did not even cover the bottom of the collection cup. Considering this testimony, petitioner's request to call a representative from the manufacturer of the testing equipment to testify as to the amount of urine needed in order to conduct the test was properly denied as redundant (see Matter of Hill v Smith, 73 AD3d 1418, 1419 [2010]; Matter of Graziano v Selsky, 9 AD3d 752, 753 [2004]). Although petitioner [*2]claims that he was on medication that prevented him from giving a sample at the time it was requested, he does not dispute that he was provided water and three hours to produce a sample, and the facility doctor who reviewed petitioner's records, including prescribed medication, testified that petitioner has normal kidney function and that he should have been able to urinate if provided sufficient time. To the extent that petitioner claims that he provided more than a drop of urine, this presents an issue of credibility for the Hearing Officer's resolution (see Matter of Nimmons v Goord, 7 AD3d 887, 888 [2004]).
Egan Jr., J.P., Lynch, Clark, Mulvey and Aarons, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.