Matter of Wilson v Venettozzi (2018 NY Slip Op 02845)





Matter of Wilson v Venettozzi


2018 NY Slip Op 02845


Decided on April 26, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 26, 2018

524174

[*1]In the Matter of KEITH G. WILSON, Petitioner,
v
DONALD VENETTOZZI, as Acting Director of Special Housing and Inmate Disciplinary Programs, Respondent.

Calendar Date: March 2, 2018

Before: McCarthy, J.P., Lynch, Clark, Aarons and Pritzker, JJ.


Keith G. Wilson, Coxsackie, petitioner pro se.
Eric T. Schneiderman, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondent.



MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating a prison disciplinary rule.
Petitioner was charged in a misbehavior report with possessing a weapon after an ice pick type weapon was discovered inside his right sock during a random pat frisk. Following a tier III disciplinary hearing, petitioner was found guilty and that determination was affirmed on administrative appeal. This CPLR article 78 proceeding ensued.
We confirm. Initially, we find that the hearing transcript, together with the audiotape of the hearing, are sufficient for meaningful judicial review, despite certain inaudible gaps and typographical errors (see Matter of Shearer v Annucci, 155 AD3d 1277, 1278 [2017]; Matter of Coons v Fischer, 106 AD3d 1302, 1303 [2013]). Turning to the merits, the misbehavior report, related documentation and testimony at the hearing provide substantial evidence to support the determination of guilt (see Matter of Gano v Venettozzi, 142 AD3d 1240, 1240 [2016]; Matter of Tavarez v Annucci, 134 AD3d 1374, 1375 [2015]). Petitioner's assertion that the weapon was planted by the correction officer created a credibility issue for the Hearing Officer to resolve (see Matter of Tavarez v Annucci, 134 AD3d at 1375; Matter of Sanchez v Annucci, 126 AD3d 1194, 1194-1195 [2015]). To the extent that petitioner asserts that he was denied certain witnesses, he raises such issue for the first time before this Court and, therefore, it is unpreserved for our [*2]review (see Matter of Rico v Fischer, 112 AD3d 1249, 1250 [2013]; Matter of Toro v Fischer, 104 AD3d 1036, 1037 [2013]). In any event, the record belies petitioner's contention that the Hearing Officer denied any requested witnesses.
McCarthy, J.P., Lynch, Clark, Aarons and Pritzker, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.