Matter of Covington v Annucci (2018 NY Slip Op 02871)





Matter of Covington v Annucci


2018 NY Slip Op 02871


Decided on April 26, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 26, 2018

525780

[*1]In the Matter of JOHN COVINGTON, Petitioner,
v
ANTHONY J. ANNUCCI, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date: March 2, 2018

Before: Garry, P.J., McCarthy, Devine, Aarons and Pritzker, JJ.


John Covington, Wallkill, petitioner pro se.
Eric T. Schneiderman, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondent.



MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
After petitioner was found unresponsive in his cell, he was placed on drug watch and a request for urinalysis testing was approved. Petitioner failed to produce a urine sample and two misbehavior reports followed. The first alleged that, when petitioner was directed to produce a urine sample, he filled the specimen cup with water before attempting to urinate in it and claimed that the liquid was urine, leading to charges of refusing a direct order and lying. The second charged petitioner with refusing a direct order and failing to comply with urinalysis
testing procedures, asserting that he thereafter had three hours to produce a urine specimen and refused direct orders to provide one (see 7 NYCRR 1020.4 [d] [4]). Following a tier III disciplinary hearing, petitioner was found not guilty of the charges in the first report but guilty as charged in the second report. One of the charges was dismissed on administrative appeal and the penalty was reduced, and this CPLR article 78 proceeding ensued.
We confirm. The second misbehavior report, hearing testimony of its author who directed petitioner to provide a urine sample and the related documentation provide substantial evidence to support the determination (see Matter of McDay v Annucci, 156 AD3d 1082, 1083 [2017]; Matter of Baez v Venettozzi, 155 AD3d 1231, 1232 [2017]). Petitioner's contention that [*2]he was not given the full three hours to produce a urine specimen was contradicted by other proof and presented a credibility issue for the Hearing Officer to resolve (see Matter of Baez v Venettozzi, 155 AD3d at 1232). Further, petitioner was not improperly denied the right to call two inmates as witnesses, as they had no firsthand knowledge of the incident and could not have provided any relevant testimony (see id.; Matter of Medina v Rodriguez, 155 AD3d 1200, 1200-1201 [2017]; Matter of Ramos v Venettozzi, 153 AD3d 1075, 1076 [2017]). To the extent that petitioner's remaining claims are preserved for our review, we find them to be lacking in merit.
Garry, P.J., McCarthy, Devine, Aarons and Pritzker, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.