Matter of You v Venettozzi (2018 NY Slip Op 04809)





Matter of You v Venettozzi


2018 NY Slip Op 04809


Decided on June 28, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 28, 2018


[*1]In the Matter of BABLIN YOU, 
v
DONALD VENETTOZZI, as Acting Director of Special Housing and Inmate Disciplinary Programs, Respondent.

Calendar Date: May 8, 2018

Before: Garry, P.J., McCarthy, Aarons, Rumsey and Pritzker, JJ.


Bablin You, Auburn, petitioner pro se.
Barbara D. Underwood, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondent.



MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner was directed to provide a urine sample for testing but claimed that he could not do so at that time. He was then given eight ounces of water to consume and placed in a holding area. Thereafter, when petitioner attempted to provide a urine sample, a correction officer observed and then questioned petitioner about an unknown liquid squirting out of the side of petitioner's pants, prompting petitioner to admit that he had an unidentified liquid concealed in a container on his body. As a result of this incident, petitioner was charged in a misbehavior report with refusing a direct order and violating urinalysis testing procedures. Following a tier III disciplinary hearing, petitioner was found guilty as charged and that determination was affirmed upon administrative appeal. This CPLR article 78 proceeding ensued.
We confirm. The misbehavior report and testimony presented at the hearing, including the testimony from the correction officer involved in the incident, provide substantial evidence to support the determination of guilt (see Matter of McDay v Annucci, 156 AD3d 1082, 1083 [2017]; Matter of Dushane v Fischer, 102 AD3d 1043, 1043-1044 [2013]; Matter of White v [*2]Fischer, 95 AD3d 1582, 1583 [2012]). Although petitioner contends that he could not be found guilty as charged because there was no evidence that he possessed contraband, the Hearing Officer could reasonably infer from the evidence presented that petitioner planned to submit the unidentified liquid in the container as his urine sample in an attempt to circumvent the urinalysis testing procedures (see Matter of Dushane v Fischer, 102 AD3d at 1043-1044; Matter of Kae v Bezio, 79 AD3d 1496, 1497 [2010]; Matter of Billue v Goord, 28 AD3d 845, 845-846 [2006]). To the extent that petitioner contends that he never refused to submit a urine sample or possessed a container with an unidentified liquid, this presented a credibility issue for the Hearing Officer to resolve (see Matter of McDay v Annucci, 156 AD3d at 1083; Matter of Billue v Goord, 28 AD3d at 846). Petitioner's remaining contentions are either unpreserved or otherwise lacking in merit.
Garry, P.J., McCarthy, Aarons, Rumsey and Pritzker, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.