Matter of Liggins v New York State Dept. of Corr. & Community Supervision (2019 NY Slip Op 01871)





Matter of Liggins v New York State Dept. of Corr. & Community Supervision


2019 NY Slip Op 01871


Decided on March 14, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 14, 2019

526860

[*1]In the Matter of KOREY LIGGINS, Petitioner,
v
NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION, Respondent.

Calendar Date: February 8, 2019

Before: Garry, P.J., Egan Jr., Clark, Mulvey and Aarons, JJ.


Korey Liggins, Dannemora, petitioner pro se.
Letitia James, Attorney General, Albany (Martin A. Hotvet of counsel), for respondent.



MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner was charged in a misbehavior report with possessing a weapon and smuggling. According to the misbehavior report, petitioner, who was under contraband watch, was observed making odd movements near the cell door, prompting a search of the cell that revealed two pieces from a black ceramic scalpel blade wedged between the cell door window and the caulk surrounding the window, which objects were consistent with recent X rays of petitioner that depicted a foreign object in his body. Following a tier III disciplinary hearing, petitioner was found guilty as charged, and that determination was affirmed upon administrative appeal. This CPLR article 78 proceeding ensued.
Contrary to petitioner's contention, the misbehavior report, scalpel blades, hearing testimony and related documentation, including the X rays, and the inferences to be drawn therefrom provide substantial evidence to support the determination (see Matter of Shearer v Annucci, 155 AD3d 1277, 1277 [2017]; Matter of Sparks v Annucci, 144 AD3d 1352, 1352-1353 [2016]; Matter of Figueroa v Lacy, 260 AD2d 765, 766 [1999]). Petitioner's contention that he did not ingest any weapon and that the scalpel pieces found in the cell were not his presented credibility issues for the Hearing Officer to resolve (see Matter of Lebron v Annucci, 163 AD3d 1387, 1387 [2018]; Matter of Tavarez v Annucci, 134 AD3d 1374, 1375 [2015]). We have reviewed petitioner's procedural challenges and find them to be without merit.
Garry, P.J., Egan Jr., Clark, Mulvey and Aarons, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.