■ In the Matter of MICHAEL COLANTONIO, Petitioner, v THOMAS A. COUGHLIN, III, as Commissioner of Correctional Services, Respondent. [599 NYS2d 667] —Mikoll, J. P. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Washington County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

Petitioner was found guilty of violating inmate rule 123.10 (self-mutilation) after a tier III disciplinary hearing. A penalty of 30 days' keeplock with loss of special privileges was imposed. In this proceeding, petitioner alleges that he was not accorded a hearing in a timely fashion, that he received inadequate inmate assistance and that the decision was not supported by substantial evidence.

The written report of Correction Officer R. Ball indicates that he found petitioner in his cell at Great Meadow Correctional Facility in Washington County on October 27, 1991 with his arm cut and bleeding. At the hearing, petitioner admitted that he had cut himself. Additionally, petitioner was allowed to testify as to his depression before the event and about the failure of correction officers to report his condition to medical authorities. The Hearing Officer fully explored evidence relating to petitioner's mental status and his contention that he was not responsible for his actions. We conclude that substantial evidence supports the determination that petitioner was responsible for his actions (see, *Matter of Huggins v Coughlin*, 155 AD2d 844, *affd on mem below* 76 NY2d 904).

Petitioner's argument that his hearing was delayed in contravention of disciplinary rules is without merit (see, 7 NYCRR subpart 251-5). Ball filed the inmate misbehavior report on October 27, 1991. Petitioner was sent to observation/special watch as a result of the October 27, 1991 incident and on October 28, 1991 was transferred to a psychiatric center, where he remained until October 31, 1991 when he was returned to Great Meadow. On November 4, 1991 he was served with copies of the misbehavior report. The disciplinary

hearing commenced on November 6, 1991 and finished November 8, 1991. It was thus timely.

Contrary to petitioner's contention, petitioner was accorded adequate inmate assistance in that the assistant secured for him all the information petitioner requested. No prejudice accrued to petitioner from any alleged failure on the part of the assistant to interview witnesses in that petitioner failed to request this and, further, he waived the appearance of all witnesses except a nurse from the Office of Mental Health who had examined him. The nurse was questioned as to the information petitioner wished to secure from her; her testimony was taken confidentially in accordance with Office of Mental Health policy and the reasons for confidentiality were articulated on the record by the Hearing Officer. This was sufficient to advise petitioner of the reasons for confidentiality and did not infringe on any of his rights (see, Matter of Laureano v Kuhlmann, 144 AD2d 834, 835).

Petitioner's belated claim that prison regulations do not contain a regulation against mutilation is waived in that he failed to raise this at the hearing (see, Matter of Shakoor v Coughlin, 165 AD2d 917, appeal dismissed 77 NY2d 866). We further note that the record fails to bear out this contention.

Levine, Mahoney, Casey and Harvey, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.