■ In the Matter of SEAN RYAN, Petitioner, v JOSE PICO, as Superintendent of Green Haven Correctional Facility, Respon-

dent. [642 NYS2d 436] —Yesawich Jr., J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

In the early morning hours of November 7, 1994, petitioner, who was then an inmate at Shawangunk Correctional Facility in Ulster County (hereinafter the facility), escaped from the facility with three other inmates by cutting through the bars of his cell and then scaling the prison wall and two perimeter fences. Petitioner was apprehended in the midafternoon of the same day. He was charged with escape, possession of escape paraphernalia, possession of contraband items, damaging State property and engaging in conduct which constitutes a Penal Law offense.

Following a tier III hearing, petitioner was found guilty of all charges. The penalty imposed, after reduction upon administrative appeal, was confinement in the special housing unit and loss of privileges for 144 months. Petitioner then commenced this CPLR article 78 proceeding.

Petitioner contends that he was denied a fair hearing because he was not given access to all of the facility's internal memoranda regarding the escape attempt. Instead, petitioner was given copies of the three memoranda which specifically concerned his participation in the escape. The memoranda which related to petitioner's fellow escapees were read to him. Petitioner was denied access to the remaining memoranda on the ground that they contained information about various security measures utilized during prisoner escape attempts. The facility's interest in maintaining confidentiality with respect to the procedures employed for capturing escaped inmates was sufficient justification for denying petitioner access to these reports (*see, Matter of Perron v Coughlin*, 199 AD2d 903, 904; *Matter of Feneque v Selsky*, 188 AD2d 819).

We also find no merit to the contention that it was error to have the nurse who served as petitioner's mental health therapist testify out of petitioner's presence, in accordance with the accepted practice of the Office of Mental Hygiene; the reasons for this proceeding, which furthers a legitimate correctional goal, were adequately explained to petitioner, and no more is required (*see, Matter of Laureano v Kuhlmann*, 75 NY2d 141, 148; *Matter of Colantonio v Coughlin*, 194 AD2d 1015, 1016).

We have examined petitioner's remaining contentions and find them to be without merit.

Mikoll, J. P., Mercure, Crew III and Peters, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.