■ In the Matter of BARTRAM Y. DABNEY, Petitioner, v DONALD SELSKY, as Director of Special Housing Unit and Inmate Disciplinary Programs, Respondent. [715 NYS2d 460] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Chemung County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was found guilty of violating various prison disciplinary rules in connection with his assault on a correction officer. The misbehavior reports related that on August 30, 1999 petitioner stabbed a correction officer in the hand with a pen while the officer was attempting to deliver supplies through petitioner's "feed up" hatch. Other officers were then called to the scene in order to restrain petitioner who refused direct orders while yelling and making threats against the officers.

Petitioner challenges the determination on the ground that it was not supported by substantial evidence. While petitioner does not deny that he committed the offenses which gave rise to the disciplinary proceeding, he contends that the determination cannot be sustained because he was suffering from mental illness at the time of the incident and was unable to appreciate the consequences of his actions. We find this argument unper-

suasive. Our review of the record indicates that the Hearing Officer properly considered petitioner's mental condition at the time of the incident and gave petitioner a full and complete opportunity to develop this defense (*see, Matter of Huggins v Coughlin*, 76 NY2d 904, 905). We further conclude that substantial evidence supports the determination that petitioner was responsible for his actions (*see, Matter of Colantonio v Coughlin*, 194 AD2d 1015).

We have considered petitioner's remaining claims and find them to be either unpreserved for our review or lacking in merit.

Cardona, P. J., Peters, Carpinello, Graffeo and Mugglin, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.