■ In the Matter of KRISTOFER SURDIS, Petitioner, v JAMES J. WALSH, as Superintendent of Sullivan Correctional Facility, et al., Respondents. [743 NYS2d 335] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Sullivan County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was found guilty of violating the prison disciplinary rules that prohibit threatening conduct, harassment and violating the facility's correspondence procedures. According to the misbehavior report, petitioner mailed three letters to grocery stores in the City of Kingston, Ulster County, in which he used vulgar language and threatened violence. The first letter, sent to a Hannaford Supermarket, threatened that on a certain future date, petitioner and his friends would rob the store and shoot its employees. The letter was unsigned but was linked to petitioner by the local investigating police officer who compared the handwriting thereon to petitioner's and found it to be a match. The second letter, which bore petitioner's signature, inmate identification number and return address at the correctional facility, was mailed to the Value Lot store in Kingston. In it, petitioner used derogatory language to express anger that he had been fired from the store after two weeks on the job. The third letter, addressed to the same store, was unsigned but the envelope bore petitioner's name, identification number and return address. In it, petitioner again deplored the termination of his employment and threatened, "I'll be at your store when I get out to get revenge."

Substantial evidence of petitioner's guilt of the charged misconduct was presented at the disciplinary hearing in the form of the detailed misbehavior report, copies of the letters in question and their envelopes, and samples of petitioner's handwriting (*see, Matter of Rodriguez v Goord*, 261 AD2d 740, 741, *lv denied* 93 NY2d 818; *Matter of Ellis v Coombe*, 253 AD2d 945, 945). Contrary to petitioner's assertion, analysis by a handwriting expert was not required to identify the writing on the letters as petitioner's. In prison disciplinary proceedings, Hearing Officers may make their own comparison of handwriting samples without testimony from an expert witness (*see, Matter of Roman v Goord*, 272 AD2d 695, 695; *Matter of Ellis v Coombe, supra* at 945).

Petitioner contends that the Hearing Officer erred by failing to consider the state of his mental health at the time the letters were written, i.e., he had not yet begun taking medication to alleviate the symptoms of his depression and obsessive-compulsive disorder. This contention is belied by the record, which includes the transcript of a confidential interview conducted by the Hearing Officer with a mental health professional employed in the facility's infirmary who was familiar with petitioner and his case and discussed it in detail with the Hearing Officer (*see, Matter of Colantonio v Coughlin*, 194 AD2d 1015, 1015). Petitioner's remaining contentions have been examined and found to be without merit.

Mercure, J.P., Spain, Carpinello, Rose and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.