In the Matter of DEVON TONEY, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [809 NYS2d 627]—

Rose, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review two determinations of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner received a misbehavior report charging him with making an unauthorized exchange and conspiring to introduce controlled substances into the facility. Petitioner subsequently received a second misbehavior report charging him with disobeying a direct order and making threats. Following separate tier III disciplinary hearings, petitioner was found guilty of all charges. Upon administrative review, the determinations of guilt were upheld by respondent. However, the penalty imposed with regard to the second misbehavior report was modified.

Petitioner thereafter commenced this proceeding, challenging both determinations.

Initially, our review of the record reveals that there is substantial evidence supporting all of the determinations of guilt, consisting of the misbehavior reports and the testimony of the correction officers who prepared them (*see Matter of Modlenaar v Goord*, 21 AD3d 1190, 1190-1191 [2005]; *Matter of Orr v Selsky*, 290 AD2d 768, 769 [2002]). Additionally, the hearing officer on the first misbehavior report personally took confidential testimony which she found to be credible and which confirmed the allegations of misconduct (*see Matter of Mays v Goord*, 285 AD2d 847, 848 [2001], *lv denied* 97 NY2d 603 [2001]).

Turning to petitioner's procedural arguments, we disagree with his contention that the first misbehavior report was inadequate. The report listed the date of the conclusion of the ongoing investigation which gave rise to the charges as the incident date, stated the date that the investigation commenced and described the nature and circumstances of the charged conduct in sufficient detail to allow petitioner the opportunity to prepare a defense (*see Matter of Jackson v Smith*, 13 AD3d 685, 685-686 [2004], *lv denied* 4 NY3d 707 [2005]; *Matter of Mays v Goord*, *supra* at 848). We are also not convinced that petitioner was improperly denied the testimony of requested witnesses at the hearing on the second misbehavior report. The record supports the hearing officer's determination that the testimony of these witnesses, who did not personally observe the incident, would be irrelevant (*see Matter of Hernandez v Selsky*, 6 AD3d 830, 832 [2004]; *Matter of Santana v Senkowski*, 269 AD2d 638, 638 [2000]). Petitioner's remaining contentions, to the extent that they are properly before us, have been examined and found to be without merit.

Spain, J.P., Carpinello, Mugglin and Lahtinen, JJ., concur. Adjudged that the determinations are confirmed, without costs, and petition dismissed.