■ In the Matter of SALVADOR GALDAMEZ, Petitioner, v JUSTIN TAYLOR, as Superintendent of Gouverneur Correctional Facility, et al., Respondents. [817 NYS2d 774]—

Kane, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in St. Lawrence County) to review two determinations of respondent Superintendent of Gouverneur Correctional Facility which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, an inmate, was charged in two misbehavior reports with violating various prison disciplinary rules. The first report arose from an incident where petitioner ignored an order to back away from a correction officer after having approached him with clenched fists following a dispute over cafeteria duty. The second report stemmed from an incident where petitioner disobeyed an order to pick up his legal papers after being found in possession of various unauthorized personal items. Following separate tier II disciplinary hearings, petitioner was found guilty of refusing a direct order and making threats in relation to the first incident and refusing a direct order and possessing contraband relative to the second incident. Those determinations were affirmed on administrative appeal, prompting this CPLR article 78 proceeding.

The misbehavior report and testimony from the correction officers in the first disciplinary proceeding provide substantial evidence to support the determinations of guilt (*see Matter of Toney v Goord*, 26 AD3d 613, 614 [2006]; *Matter of Mendez v Goord*, 21 AD3d 1191, 1191-1192 [2005]). The misbehavior report from the second disciplinary proceeding supports the determination of guilt on the charge of disobeying a direct order (*see Matter of Hassan v Selsky*, 27 AD3d 931, 931 [2006]; *Matter of Encarnacion v Goord*, 19 AD3d 906, 907 [2005]). As respondents concede that the contraband charge cannot be sustained, we grant the petition to the extent of annulling the finding on that charge and expunging it from petitioner's institutional record.

Petitioner's claim that he was being retaliated against for filing grievances presented a credibility issue for resolution by the

Hearing Officer (*see Matter of Graham v McKinney*, 24 AD3d 1151, 1151-1152 [2005]; *Matter of Branch v Goord*, 4 AD3d 699, 700 [2004]), as did petitioner's testimony contradicting the misbehavior reports (*see Matter of Cummings v Goord*, 10 AD3d 748, 749 [2004]; *Matter of Nimmons v Goord*, 7 AD3d 887, 888 [2004]). The Hearing Officer's statement of evidence upon which he relied, although brief, was adequate (*see Matter of McCain v Goord*, 273 AD2d 571, 571 [2000]; *Matter of Graziano v Goord*, 272 AD2d 701, 702 [2000]). We have reviewed petitioner's remaining assertions and find them to be unavailing.

Mercure, J.P., Carpinello, Mugglin and Rose, JJ., concur. Adjudged that the August 24, 2004 determination is confirmed, without costs, and petition dismissed to that extent. Adjudged that the August 31, 2004 determination is modified, without costs, by annulling so much thereof as found petitioner guilty of possession of contraband; petition granted to that extent and the Commissioner of Correctional Services is directed to expunge all references thereto from petitioner's institutional record; and, as so modified, confirmed.