In the Matter of SCOTT FARRELL, Appellant, v DONALD SELSKY, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [821 NYS2d 298]—

Appeal from a judgment of the Supreme Court (Teresi, J.), entered November 25, 2005 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Commissioner of Correctional Services finding petitioner guilty of violating certain prison disciplinary rules.

As a result of a pat frisk, petitioner was found to be in possession of a contraband receipt bearing another inmate's name, a contraband receipt with a forged correction officer's signature and instructions for completing a contraband receipt. On November 27, 2004, he was charged in a misbehavior report with possessing contraband and forging a document. At the ensuing tier III disciplinary hearing, petitioner pleaded guilty with explanation to possessing contraband but not guilty to forging a document. He was found guilty of both charges at the conclusion of the hearing and the determination was affirmed on administrative appeal. Petitioner then commenced this CPLR article 78 proceeding challenging the determination on proce-

dural grounds. Following joinder of issue, Supreme Court dismissed the petition and this appeal ensued.

Initially, we find no merit to petitioner's claim that the hearing was not completed in a timely manner. Although the hearing was completed on December 16, 2004, more than 14 days after the misbehavior report was written (*see* 7 NYCRR 251-5.1 [b]), valid extensions were granted due to the unavailability of the Hearing Officer and the necessity of obtaining the confidential testimony of a mental health professional. Inasmuch as there was authorization for the delay in completing the hearing, there was compliance with the regulatory requirements (*see Matter of Karlin v Senkowski*, 11 AD3d 832 [2004]; *Matter of Cornwall v Goord*, 284 AD2d 763, 764 [2001]). Moreover, petitioner was not improperly denied access to the mental health professional's confidential testimony. Given that petitioner was informed that such testimony was being presented solely to establish his mental health status and that maintaining the confidentiality of such testimony is in keeping with the accepted policy of the Office of Mental Hygiene (*see Matter of Ryan v Pico*, 227 AD2d 806, 807 [1996]; *see also Matter of Colantonio v Coughlin*, 194 AD2d 1015, 1016 [1993]), we find no error. Petitioner's remaining contentions, including his claim that he was improperly denied the right to call certain witnesses, have been considered and found to be unavailing.

Mercure, J.P., Peters, Spain, Carpinello and Rose, JJ., concur. Ordered that the judgment is affirmed, without costs.