■ In the Matter of EGBERT T. PROFITT, Appellant, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [824 NYS2d 493]—

Appeal from a judgment of the Supreme Court (Kavanagh, J.), entered February 6, 2006 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.

Petitioner was charged in a misbehavior report with violating the prison disciplinary rules prohibiting the possession of contraband, solicitation, smuggling and abuse of the telephone procedures, after an investigation revealed that he had been in possession of a cellular telephone and had charged other inmates cigarettes to use it. Following a tier III disciplinary hearing, petitioner was found guilty of the charges. Upon administrative appeal, the penalty was modified but the determination was otherwise affirmed. Petitioner then commenced this CPLR article 78 proceeding challenging that determination on various procedural grounds. Supreme Court dismissed the petition and petitioner now appeals.

Petitioner's contention that the misbehavior report is inadequate is without merit inasmuch as the date the investigation into petitioner's misconduct was completed was properly used as the incident date and the report otherwise adequately described the nature of the charged misconduct to provide petitioner with an opportunity to prepare a defense (see Matter of Toney v Goord, 26 AD3d 613, 614 [2006]; Matter of Kayshawn v Selsky, 277 AD2d 611, 612 [2000]). Contrary to petitioner's contention, the Hearing Officer was not required to personally interview the confidential informants to verify the reliability of the information that they provided as the correction officer who interviewed the informants was able to provide sufficient information for the Hearing Officer to independently assess the informants' credibility (see Matter of Sime v Goord, 30 AD3d 887, 888-889 [2006], lv denied 7 NY3d 717 [2006]; Matter of Berry v Portuondo, 6 AD3d 848, 849 [2004]). Finally, the record reflects that the Hearing Officer adequately set forth a statement of the evidence upon which he relied and the reasons for his determination (see Matter of Galdamez v Taylor, 31 AD3d 934, 935 [2006]; Matter of McCain v Goord, 273 AD2d 571, 572 [2000]).

Cardona, P.J., Mercure, Peters, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.