In the Matter of EDWIN LAMAGE, Petitioner, v DONALD SELSKY, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [850 NYS2d 684]—

Peters, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review three determinations of the Commissioner of

Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was charged in misbehavior reports dated June 19, 2006, June 20, 2006 and September 14, 2006 with violations of prison disciplinary rules. Petitioner challenges the determinations finding him guilty. We confirm.

At the hearing concerning the June 19, 2006 misbehavior report, petitioner pleaded guilty to the charges. The Hearing Officer adjourned the hearing over petitioner's objection to permit petitioner to reconsider both his plea and his decision not to call witnesses. When the hearing was reconvened, petitioner indicated that he had nothing other than his plea and requested dismissal because the Hearing Officer had not rendered a determination withing 24 hours of his plea. Finding that he had not concluded the hearing when he adjourned the hearing, the Hearing Officer provided petitioner with the opportunity to make a defense which was declined, closed the proof and rendered a disposition. Contrary to petitioner's contention, the adjournment was proper and a timely determination was rendered.

At the hearing concerning the June 20, 2006 misbehavior report, which charged that petitioner had failed to submit to a urine sample, petitioner stated that he had not spoken to the correction officer and was unaware of the request. The correction officer testified to repeated requests and petitioner's nonreaction to the request. As petitioner raised his mental status in mitigation, confidential testimony of petitioner's mental state was taken from a mental health professional. Petitioner's request to be present for such testimony was denied and the accepted confidential practice concerning mental health issues was explained to petitioner. Petitioner contends that he was improperly denied his mental health witness and that the determination is not supported by substantial evidence.

The Hearing Officer did not commit error by taking confidential mental health assessment testimony as to petitioner's mental state (see Matter of Farrell v Selsky, 32 AD3d 1103, 1104 [2006]; Matter of Ryan v Pico, 227 AD2d 806, 807 [1996]). The misbehavior report, together with the testimony of the correction officer who sought the test, provide substantial evidence supporting the determination of guilt (see Matter of Vizcaino v Selsky, 26 AD3d 574 [2006], lv denied 7 NY3d 708 [2006]). Petitioner's exculpatory statements as to his nonrecollection presented a credibility issue for the Hearing Officer to resolve (see Matter of Miller v New York State Dept. of Correctional Servs., 295 AD2d 714, 714-715 [2002]).

At the hearing concerning the September 14, 2006 misbehavior report which charged that petitioner had solicited sex and an unauthorized exchange, petitioner contends that he established that the acts subject to the report did not take place on the date marked in the incident date box because the other inmate involved was housed elsewhere on that date. As a result, petitioner contends that the determination is not supported by substantial evidence. A plain reading of the misbehavior report reveals the date to be the date of the investigation. The issue of the date was explored at the hearing. The use of the investigation date was proper (*see Matter of Profitt v Goord*, 34 AD3d 1136, 1137 [2006]). The report gave petitioner sufficient notice that his acts consisted of an exchange of a series of letters with and purchases of commissary items for another inmate over a period of time. The misbehavior report and the testimony of the investigating correction officer to whom petitioner made incriminating admissions provide substantial evidence supporting the determination of guilt (*see Matter of Smith v Goord*, 255 AD2d 1007 [1998]).

Mercure, J.P., Spain, Lahtinen and Malone, JJ., concur. Adjudged that the determinations are confirmed, without costs, and petition dismissed.