■ In the Matter of RODNEY FREEMAN, Petitioner, v BRIAN FISCHER, as Commissioner of Correctional Services, Respondent. [863 NYS2d 851]—

Spain, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner challenges a determination finding him guilty of committing an unhygienic act and disobeying a direct order for an incident in which he was observed urinating on his cell door. We confirm. The misbehavior report and petitioner's own admission that he was, indeed, urinating in his cell provide substantial evidence to support the determination of guilt (*see Matter of Kearney v Fischer*, 51 AD3d 1185, 1185-1186 [2008]; *Matter of Harrison v Bertone*, 50 AD3d 1352, 1353 [2008]). Contrary to petitioner's suggestion that he was denied his right to call a witness, the Hearing Officer did not err by adhering to the accepted policy of the Office of Mental Hygiene and taking confidential testimony regarding the state of petitioner's mental health (*see Matter of Lamage v Selsky*, 47 AD3d 1144, 1145 [2008]; *Matter of Farrell v Selsky*, 32 AD3d 1103, 1104 [2006]). Finally, we find that although petitioner preserved his claim that the proceeding against him was not timely commenced by raising it on his administrative appeal (*see Matter of Finley v Goord*, 47 AD3d 995, 996 [2008]; *Matter of Bates v Coughlin*, 145 AD2d 854, 854 [1988], *lv denied* 74 NY2d 602 [1989]), it lacks support in the record, which suggests that petitioner was not placed in prehearing confinement prior to the commencement of the hearing (*see* 7 NYCRR 251-5.1 [a]). Petitioner's remaining claims, to the extent not specifically addressed herein, have been examined and found to be unavailing.

Cardona, P.J., Mercure, Lahtinen and Malone Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.