■ In the Matter of RAPHAEL THOMPSON, Petitioner, v BRIAN FISCHER, as Commissioner of Corrections and Community Supervision, Respondent. [934 NYS2d 528]—

After petitioner was observed acting furtively in the prison visiting room, he was placed on contraband watch. Thereafter, a black plastic handcuff key was found in petitioner's feces, a razor-type blade was found secreted in his mouth and tobacco and marihuana, among other things, were found hidden in his rectum. As a result, petitioner was charged in four misbehavior reports with possession of escape paraphernalia, possession of a weapon, possession of drugs, violation of visiting procedures, two counts of possession of contraband and three counts of

smuggling. Following a tier III disciplinary hearing, he was found guilty of all charges and that determination was affirmed upon administrative appeal. Petitioner thereafter commenced this CPLR article 78 proceeding.

We confirm. The misbehavior reports, extensive supporting documentation and positive drug test results provide substantial evidence to support the determination of guilt with regard to all of the charges (*see Matter of Evans v Bezio*, 84 AD3d 1622, 1622-1623 [2011]; *Matter of Hughes v Bezio*, 84 AD3d 1598, 1598 [2011]). Petitioner's insistence that he had been set up presented a credibility question to be resolved by the Hearing Officer (*see Matter of Cody v Fischer*, 84 AD3d 1651, 1651 [2011]; *Matter of Mills v Fischer*, 65 AD3d 1427, 1427 [2009]).

Turning to petitioner's procedural contentions, we find that he was properly denied the right to call a witness to testify regarding whether his visit had been terminated, as such testimony would have been irrelevant to the charges of which he was found guilty (*see Matter of Harvey v Bradt*, 81 AD3d 1003, 1004 [2011]; *Matter of Tafari v Fischer*, 78 AD3d 1405, 1406-1407 [2010], *lv denied* 16 NY3d 704 [2011]). Further, our review of the record reveals no hearing officer bias but, rather, that the determination was the result of the evidence presented (*see Matter of Montgomery v Fischer*, 84 AD3d 1666, 1667 [2011]).

Finally, we find no merit to petitioner's contention that the suspension of visitation assessed is contrary to that permitted by regulation (*see* 7 NYCRR 200.5 [c], [f]). Nor do we find, in light of the number and seriousness of the violations of which petitioner was found guilty, that the penalty imposed was " 'so shocking to one's sense of fairness as to be excessive' " (*Matter of Faublas v Rock*, 85 AD3d 1519, 1520 [2011], quoting *Matter of Smiton v New York State Dept. of Correctional Servs.*, 70 AD3d 1148, 1150 [2010]). Petitioner's remaining contentions have been examined and found to be either unpreserved or without merit.

Mercure, J.P., Rose, Lahtinen, Stein and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.