Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.
Petitioner refused a correction officer’s order to hand over his feed-up tray, claiming there was glass and/or rocks in his food. The officer determined that petitioner’s claim was valid. Petitioner eventually gave the tray to a sergeant. Shortly thereafter, the officer took petitioner to be examined by a nurse, and petitioner threatened physical violence against the officer. Consequently, he was charged in a misbehavior report with refusing a direct order, violating mess hall policies, interfering with an employee and making threats. Following a tier III disciplinary hearing, he was found guilty only of the charge of making threats. The determination was affirmed on administrative appeal, resulting in this CPLR article 78 proceeding.
We confirm. The misbehavior report, together with the testimony of the correction officer who authored it, provide substantial evidence supporting the determination of guilt (see Matter of Galdamez v Taylor, 31 AD3d 934, 934 [2006]; Matter *1227 of Jamison v Goord, 8 AD3d 860, 860 [2004]). Although petitioner denied threatening the officer, this presented a credibility issue for the Hearing Officer to resolve (see Matter of Vidal-Ortiz v Fischer, 84 AD3d 1627, 1628 [2011]; Matter of Haynes v Bezio, 73 AD3d 1295, 1296 [2010]). The videotape viewed at the hearing is inconclusive and does not support petitioner’s defense. Furthermore, upon reviewing the record, we find nothing to indicate that the Hearing Officer was biased or that the determination flowed from any alleged bias (see Matter of Jackson v Fischer, 87 AD3d 775, 776 [2011]; Matter of Norris v Fischer, 71 AD3d 1211, 1213 [2010]). Petitioner’s remaining contentions have been considered and are unpersuasive.
Peters, BJ., Mercure, Spain, Stein and McCarthy, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.