■ In the Matter of Marquise Boynton, Petitioner, v Brian Fischer, as Commissioner of Corrections and Community Supervision, Respondent. [962 NYS2d 822]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

Due to inclement weather, petitioner's visit with his wife as part of the family reunion program was canceled. He contacted the correction counselor responsible for setting up the visits about rescheduling and became frustrated when his visit was not rescheduled even though he believed there were cancellations by other inmates. Consequently, he created a "cancellation fill-in form" resembling an official correctional facility document that he sent to the counselor for her use in streamlining the rescheduling of visits when there were same-day cancellations. Included with the letter sent to the counselor were a blank form and another form that petitioner had completed with his own information. As a result of his actions, petitioner was charged in a misbehavior report with forgery and possessing contraband. Following a tier III disciplinary hearing, he was found guilty of the charges. The determination was subsequently modified and the forgery charge was dismissed. It was then affirmed on administrative appeal, resulting in this CPLR article 78 proceeding.

We confirm. The detailed misbehavior report and related documentation, together with the testimony adduced at the hearing, including petitioner's admission to engaging in the conduct in question, provide substantial evidence supporting the determination of guilt (see Matter of Peoples v Bezio, 94 AD3d 1299, 1300 [2012]; Matter of Lopez v Fischer, 91 AD3d 1223, 1224 [2012]). Contrary to petitioner's claim, the dismissal of the forgery charge does not require annulment of the contraband charge as that latter charge is based upon the fact that petitioner did not have authorization to possess the forms at issue—rather than the fact they were forged—and, as such, they constituted contraband (see 7 NYCRR 270.2 [B] [14] [xiii]; see also Matter of Jenkins v Senkowski, 221 AD2d 779 [1995]). Moreover, while petitioner challenges the sufficiency of the statement of evidence relied upon by the Hearing Officer, we find that it adequately complied with the regulatory requirements (see 7 NYCRR 254.7 [a] [5]; see also Matter of Coleman v Fischer, 87 AD3d 778, 779 [2011]). Petitioner's remaining contentions have not been preserved for our review.

Lahtinen, J.P., Spain, Garry and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.