■ In the Matter of WILLIAM FERO, Petitioner, v ALBERT PRACK, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [969 NYS2d 253]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision which found petitioner guilty of violating certain prison disciplinary rules.

While on special watch, petitioner informed a correction officer that he was going to urinate on the floor. The officer instructed petitioner not to do so but petitioner ignored his command and began to urinate, forcing the officer to move. As a result, petitioner was charged in a misbehavior report with refusing a direct order, interfering with an employee and committing an unhygienic act. He was found guilty of the charges following a tier III disciplinary hearing. On administrative appeal, the interference charge was dismissed but the remaining charges were upheld with a modified penalty. Petitioner then commenced this CPLR article 78 proceeding.

Initially, we note that petitioner is precluded by his plea of guilty from challenging the evidence supporting that part of the determination finding him guilty of committing an unhygienic act (*see Matter of Toliver v Department of Corr.*, 98 AD3d 1170, 1170 [2012]; *Ross v Prack*, 95 AD3d 1579, 1580 [2012]). As for the charge of refusing a direct order, the misbehavior report

and testimony adduced at the hearing provide substantial evidence supporting that part of the determination finding him guilty of this charge (*see Matter of Fernandez v Fischer*, 105 AD3d 1287, 1287 [2013]; *Matter of White v Fischer*, 95 AD3d 1582, 1583 [2012]). Moreover, petitioner failed to make a request for testimony from a representative of the Office of Mental Health at the hearing and, consequently, he waived this claim (*see Matter of Johnson v Goord*, 7 AD3d 863, 864 [2004]; *Matter of Valerio v Selsky*, 306 AD2d 713, 714 [2003]). In any event, the Hearing Officer conducted an in camera interview with such representative to ascertain petitioner's mental status, and we find no error in his decision to keep this testimony confidential, consistent with agency policy (*see Matter of Scott v Fischer*, 82 AD3d 1431, 1432 [2011]). Lastly, we find nothing in the record indicating that the Hearing Officer was biased, or that the determination flowed from any alleged bias (*see Matter of Cicio v Fischer*, 100 AD3d 1226, 1227 [2012]; *Matter of Lamage v Fischer*, 100 AD3d 1176, 1177 [2012]).

Lahtinen, J.P., McCarthy, Spain and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.