Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.
Petitioner, a prison inmate, was charged in a misbehavior report with disobeying a direct order, interfering with staff, having an untidy cell, engaging in violent conduct and creating a disturbance based upon an incident wherein petitioner failed to remove paper that was covering his cell vent, refused to cooperate with cell frisk procedures and had to be forcibly extracted from his cell. In a subsequent misbehavior report, petitioner was again charged with interfering with staff due to his attempt to block staff access to his cell during the extraction procedure with sheets, pillow cases, pillows, a mattress and towels. Following a tier III disciplinary hearing, petitioner was found guilty of having an untidy cell, disobeying a direct order and the latter charge of interfering with staff. The remaining charges were dismissed. On administrative appeal, the determination was up *1295 held. Petitioner thereafter commenced this CPLR article 78 proceeding.
Initially, respondent concedes, and we agree, that the record does not support the finding of guilt with regard to the charge of having an untidy cell. Accordingly, the determination must be annulled to that extent and, given the undischarged penalty and recommended loss of good time, the matter must be remitted to respondent for a redetermination of the penalty (see Matter of Tarbell v Prack, 89 AD3d 1342, 1342 [2011]; Matter of Gomez v Leclaire, 53 AD3d 994, 995 [2008]).
With regard to the remaining two charges, we confirm. The misbehavior reports, unusual incident report, use of force report and hearing testimony provide substantial evidence supporting the determination of guilt (see Matter of Barnes v Prack, 87 AD3d 1251, 1252 [2011]; Matter of Williams v Goord, 36 AD3d 1033, 1033 [2007]). We reject petitioner’s contention that the DVDs depicting the extraction compel a different conclusion, as the content thereof does not provide conclusive proof on the pertinent facts of these charges (see Matter of Cicio v Fischer, 100 AD3d 1226, 1227 [2012]). To the extent that petitioner’s remaining contentions are not rendered moot by our decision, we have considered them and find them to be without merit.
Rose, J.P., McCarthy, Spain and Garry, JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of having an untidy cell and imposed a penalty; petition granted to that extent, respondent is directed to expunge all references to this charge from petitioner’s institutional record and matter remitted to respondent for an administrative redetermination of the penalty on the remaining violations; and, as so modified, confirmed.