■ In the Matter of COLIN FERGUSON, Petitioner, v BRIAN FISCHER, as Commissioner of Corrections and Community Supervision, Respondent. [983 NYS2d 914]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was charged in a misbehavior report with violating the prison disciplinary rules that prohibit making threats, engaging in conduct involving the threat of violence and conspiring to riot after a correction officer overheard petitioner encouraging inmates to riot and kill prison guards with the use of weapons. Following a tier III disciplinary hearing, petitioner was found guilty as charged. The determination was affirmed on administrative appeal with a modification of the penalty imposed. This CPLR article 78 proceeding ensued.

We confirm. The misbehavior report, videotape and testimony at the hearing provide substantial evidence to support the determination of guilt (*see Matter of Vicente v New York State Dept. of Corr. & Community Supervision*, 107 AD3d 1203, 1203 [2013]). Petitioner's denial that he made any threatening remarks created a credibility issue for the Hearing Officer to resolve (*see Matter of Cicio v Fischer*, 100 AD3d 1226, 1227 [2012]). Furthermore, the record does not support petitioner's claim that the Hearing Officer was biased or that the determination flowed from any alleged bias (*see Matter of Guillory v Fischer*, 110 AD3d 1426, 1427 [2013]).

We are unpersuaded by petitioner's contention that the hearing transcript was altered or that meaningful review of the hearing is precluded (*see Matter of Taylor v Fischer*, 74 AD3d 1677, 1677-1678 [2010]). We have examined petitioner's remain-

ing contentions and find that they are either unpreserved or lacking in merit.

Lahtinen, J.P., McCarthy, Rose and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.