■ In the Matter of JAVON GONZALEZ, Petitioner, v ANTHONY ANNUCCI, as Acting Commissioner of Corrections and Community Supervision, Respondent. [995 NYS2d 859]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

On January 14, 2013, while being processed for the visiting room following a family reunion program visit, petitioner was directed to sit on a metal detector chair, which twice alerted, indicating that he possessed contraband. Petitioner was directed to remove the contraband from his body, but refused, and was taken to a hospital room for observation. As a result, he was charged in a misbehavior report with refusing a direct order, violating visiting room procedures and violating family reunion program guidelines. A search of the observation room several hours later disclosed two weapons concealed in the legs of the bed, namely, a newer metal scalpel that was wrapped in tape and a rusty metal cutting instrument, as well as a latex packet that contained eight pills identified by the facility nurse as Vicodin. Petitioner was charged in a second misbehavior report with possession of a weapon, possession of narcotics and smuggling. About an hour later, petitioner's defecation produced two balloons containing 12 Vicodin pills and 14 packets of Suboxone, and he was charged in a third misbehavior report with drug possession and smuggling.

At the tier III disciplinary hearing, petitioner entered a guilty plea to the charges in the third misbehavior report, not guilty with an explanation to the drug possession and smuggling charges in the second misbehavior report, and otherwise pleaded not guilty. After the hearing, petitioner was found guilty of all charges, and a penalty of, among other things, indefinite loss of visitation was imposed. The determination was affirmed on administrative appeal, with a reduction of the visitation suspension to 36 months. Petitioner's request for reconsideration was denied, but his subsequent request for a discretionary review resulted in a further reduction of the visitation suspension to 24 months. Having exhausted his administrative remedies, this CPLR article 78 proceeding followed.

We confirm. Preliminarily, given that the petition alleges that the determination was not supported by substantial evidence, Supreme Court properly transferred the proceeding to this Court (*see* CPLR 7804 [g]; *Matter of Abreu v Bezio*, 71 AD3d 1341, 1341 [2010], *appeal dismissed* 15 NY3d 836 [2010]). On the merits, the misbehavior reports, combined with the testimony of several correction officers involved in the incidents, the physical evidence, and the confidential documentary evidence, provide substantial evidence to support petitioner's guilt of the contested charges (*see Matter of Pedraza v Fischer*, 65 AD3d 1434, 1435 [2009]). His guilty plea to two charges precludes any challenge to the determination of guilt with respect to those charges (*see Matter of Fero v Prack*, 108 AD3d 996, 996 [2013]), and there is no support in the record for his claim that those pleas were induced by promises regarding the penalty (*see Matter of Hand v Greene*, 118 AD3d 1245, 1246 [2014]). Petitioner's denial that the weapons were his and claim that he was set up, which were undermined by the fact that the metal detector chair had alerted when he sat on it, were credibility matters for the Hearing Officer to resolve (*see Matter of Aguirre v Fischer*, 111 AD3d 1219, 1220 [2013]). Further, the statement of evidence relied upon adequately complied with the regulatory requirements (*see* 7 NYCRR 254.7 [a] [5]; *Matter of Boynton v Fischer*, 105 AD3d 1231, 1231 [2013]), and the 24-month suspension of visitation, as reduced, was authorized for petitioner's misconduct in smuggling and in possessing narcotics and weapons in connection with being processed for the visitation room (*see* 7 NYCRR 201.4 [d], [e]; 254.7 [a] [1] [iii]). Petitioner's remaining claims were not raised at the hearing or upon administrative appeal and are, therefore, not preserved for our review, and his request for reconsideration submitted to respondent after the administrative appeal was concluded did not preserve the claims raised therein (*see Matter of Argentina v Fischer*, 98 AD3d 768, 768-769 [2012]).

Peters, P.J., Lahtinen, Stein, Rose and Devine, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.