*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: March 19, 2015                    519033
_____

In the Matter of LUIS A.
    CANALAS SANCHEZ,
                        Petitioner,

        v                                   MEMORANDUM AND JUDGMENT

ANTHONY J. ANNUCCI, as Acting
    Commissioner of Corrections
    and Community Supervision,
    et al.,
                        Respondents.
_____

Calendar Date:   January 20, 2015

Before:   Peters, P.J., Lahtinen, Egan Jr. and Lynch, JJ.

_____

        Luis A. Canalas Sanchez, Stormville, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Peter H.
Schiff of counsel), for respondents.

_____

        Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of Supreme Court, entered in Chemung County) to
review two determinations of respondent Commissioner of
Corrections and Community Supervision which found petitioner
guilty of violating certain prison disciplinary rules.

        Petitioner challenges two prison disciplinary
determinations.  The first, rendered on June 19, 2013, found him
guilty of fighting, refusing a direct order, violent conduct and
creating a disturbance; the second, rendered on July 25, 2013,
found him guilty of possession of a weapon, false statements and
refusing a frisk.  Both determinations were affirmed on
administrative appeal, prompting this proceeding.

We confirm.  With respect to the June 19, 2013 determination, petitioner's guilty plea to the charges precludes his challenge to the determination as unsupported by substantial evidence (see Matter of Gonzalez v Annucci, 122 AD3d 1203, 1204 [2014]; Matter of Robinson v Prack, 119 AD3d 1309, 1309 [2014]). Contrary to his contention, the Hearing Officer properly denied his request to call as a witness the Office of Mental Health employee who examined him.  Consistent with agency policy, the Hearing Officer correctly determined that the requested testimony regarding the state of petitioner's mental health is confidential (see Matter of Fero v Prack, 108 AD3d 996, 997 [2013]; Matter of Freeman v Fischer, 54 AD3d 1140, 1140 [2008]).

The charges underlying the July 25, 2013 determination arose after a metal detector indicated that petitioner had metal inside his body, and petitioner then voluntarily removed an ice pick weapon and sheath wrapped in cellophane from his rectal area.  The misbehavior report, testimony of its author and supporting documentation provide substantial evidence to support this determination (see Matter of Nieves v Annucci, 123 AD3d 1368, 1368 [2014]; Matter of Thompson v Fischer, 89 AD3d 1353, 1354 [2011], lv denied 18 NY3d 809 [2012]).  Petitioner's claim that he was set up created a credibility issue for the Hearing Officer to resolve (see Matter of Nieves v Annucci, 123 AD3d at 1369; Matter of Thompson v Fischer, 89 AD3d at 1354).

We reject petitioner's argument that he was denied his right to call witnesses in the second hearing.  Inasmuch as the Hearing Officer accepted that petitioner had filed grievances against officers, there was no error arising from the denial of petitioner's request to call an employee of the Inspector General's office who had no knowledge of the incident described in the misbehavior report (see Matter of Hinton v Fischer, 108 AD3d 1000, 1102 [2013]).  Moreover, there is no merit to petitioner's argument that the Hearing Officer was required to inquire into his four requested inmate witnesses's refusals to testify.  Regarding three of the witnesses, "there was no prior assent to testify, [and] the reason for the refusal appears in the record" (Matter of Hill v Selsky, 19 AD3d 64, 66-67 [2005]). The Hearing Officer personally interviewed the remaining witness, who allegedly initially agreed to testify, about the reason for

his refusal and whether the refusal was genuine (see id. at 67; see also Matter of James v Bezio, 94 AD3d 1312, 1313 [2012]; cf. Matter of Joseph v LaClair, 112 AD3d 1023, 1024 [2013]).

Petitioner's remaining arguments, to the extent that they were preserved for our review, have been considered and found to be lacking in merit.

Peters, P.J., Lahtinen, Egan Jr. and Lynch, JJ., concur.

ADJUDGED that the determinations are confirmed, without costs, and petition dismissed.

ENTER:

Robert D. Mayberger
Clerk of the Court