Matter of Horton v Annucci (2018 NY Slip Op 05553)





Matter of Horton v Annucci


2018 NY Slip Op 05553


Decided on July 26, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 26, 2018


[*1]In the Matter of RYAN HORTON, 
v
ANTHONY J. ANNUCCI, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date: June 11, 2018

Before: Egan Jr., J.P., Lynch, Devine, Clark and Mulvey, JJ.


Ryan Horton, Dannemora, petitioner pro se.
Barbara D. Underwood, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondent.



MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating a prison disciplinary rule.
Petitioner was charged in a misbehavior report with possessing marihuana. According to the report, while a correction officer was conducting a strip frisk of petitioner after he left the visit room, the officer spotted an item protruding from petitioner's anal cavity. When questioned, petitioner voluntarily removed from his rectum four plastic bags containing a green leafy substance that later tested positive for marihuana. Following a tier III disciplinary hearing, petitioner was found guilty as charged and the determination was affirmed on administrative appeal. This CPLR article 78 proceeding ensued.
We confirm. The misbehavior report and related documentation, including the positive test results, together with the testimony of the correction officer who conducted the frisk and the officer who tested the substance provide substantial evidence supporting the determination of guilt (see Matter of Davis v Lempke, 148 AD3d 1366, 1367 [2017]; Matter of Collins v Annucci, 146 AD3d 1261, 1261 [2017]). Petitioner's denial that he possessed marihuana and claim that he was "set up" by correction officers created a credibility issue for the Hearing Officer to resolve (see Matter of Sanchez v Annucci, 126 AD3d 1194, 1194-1195 [2015]; Matter of Thompson v Fischer, 89 AD3d 1353, 1354 [2011], lv denied 18 NY3d 809 [2012]). The fact that the visit room log book did not reference the discovery of the marihuana was adequately explained by the correction officer who kept the log book, who testified that the discovery took place outside of the visit room and she was not informed of the discovery until after she had closed the visit room for the day, which the Hearing Officer found credible (see Matter of Miller v Venettozzi, 149 AD3d 1451, 1451-1452 [2017]).
Turning to petitioner's procedural challenges, we reject his contention that he was improperly denied the testimony of two correction officers who placed him on contraband watch after the discovery of the four plastic bags. Petitioner requested the testimony in order to challenge the authorization of the contraband watch. However, as the charges were based upon the contraband recovered as the result of the strip search that occurred prior to petitioner being placed on contraband watch, the requested testimony was properly denied as irrelevant (see Matter of Mullamphy v Fischer, 112 AD3d 1177, 1177 [2013]; Matter of Merritt v Fischer, 108 AD3d 993, 994 [2013]). Further, the denial of the witnesses as irrelevant does not demonstrate that the Hearing Officer was biased (see Matter of Cotterell v Taylor-Stewart, 145 AD3d 1245, 1246 [2016]), and there is nothing in the record to indicate that the Hearing Officer was biased or that the determination flowed from any alleged bias (see Matter of Marhone v Venettozzi, 159 AD3d 1174, 1175 [2018]; Matter of Ortiz v Venettozzi, 158 AD3d 865, 866 [2018]). Petitioner's remaining claims have been considered and found to be without merit.
Egan Jr., J.P., Lynch, Devine, Clark and Mulvey, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.