Matter of Nelson v Annucci (2019 NY Slip Op 04069)





Matter of Nelson v Annucci


2019 NY Slip Op 04069


Decided on May 23, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 23, 2019

527359

[*1]In the Matter of JEFFREY A. NELSON, Petitioner,
v
ANTHONY J. ANNUCCI, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date: April 19, 2019

Before: Garry, P.J., Devine, Aarons, Rumsey and Pritzker, JJ.


Jeffrey A. Nelson, Fallsburg, petitioner pro se.
Letitia James, Attorney General, Albany (Victor Paladino of counsel), for respondent.



MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
While being escorted from the facility's medical room back to his cell following a callout, petitioner turned, swung his left elbow and attempted to strike one of the escorting correction officers, resulting in the use of force and a delay of feed-up procedures. As a result of this incident, petitioner was charged with attempting to assault staff, violating facility movement procedures, interfering with an employee and engaging in violent conduct. Following a tier III disciplinary hearing, petitioner was found guilty as charged, and that determination was affirmed upon administrative review. This CPLR article 78 proceeding ensued.
We confirm. The misbehavior report, the hearing testimony, the video of the incident and the confidential documentary evidence submitted for in camera review provide substantial evidence to support the determination of guilt (see Matter of Scott v Annucci, 164 AD3d 1553, 1553 [2018]; Matter of Land v Annucci, 156 AD3d 1103, 1104 [2017]; Matter of Hubbard v Annucci, 148 AD3d 1381, 1382 [2017]). Petitioner's claim that he was not the individual depicted in the video of the incident, as well as his contentions that the correction officers assaulted him without provocation and then filed a false misbehavior report, presented a credibility determination for the Hearing Officer to resolve (see Matter of Scott v Annucci, 164 AD3d at 1553; Matter of Land v Annucci, 156 AD3d at 1104).
Turning to petitioner's procedural contentions, petitioner was not improperly denied the right to call witnesses. The civilian nurse from whom petitioner requested testimony refused to testify, and the Hearing Officer personally ascertained that the refusal was genuine (see Matter of Lopez v Annucci, 146 AD3d 1262, 1263 [2017]; Matter of Lee v Goord, 36 AD3d 1176, 1177 [*2][2007]). In addition, the Hearing Officer properly denied petitioner's request to call as a witness an Office of Mental Health employee regarding petitioner's mental health, as confidential testimony was taken on that subject pursuant to agency policy (see Matter of Canalas Sanchez v Annucci, 126 AD3d 1194, 1194 [2015]; Matter of Fero v Prack, 108 AD3d 996, 997 [2013]; Matter of Freeman v Fischer, 54 AD3d 1140, 1140 [2008]). Finally, contrary to petitioner's contention that the Hearing Officer was biased, the record reflects that the hearing was conducted in a fair, deliberative and impartial manner, and we find that the determination of guilt flowed from the substantial evidence adduced at the hearing rather than from any alleged bias (see Matter of Safford v Annucci, 144 AD3d 1271, 1272-1273 [2016], lv denied 29 NY3d 901 [2017]). To the extent that petitioner's remaining contentions are properly before us, we have reviewed them and find them to be without merit.
Garry, P.J., Devine, Aarons, Rumsey and Pritzker, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.